## UNITED STATES v. MASON.*

*(Circuit Court, S. D. Ohio, W. D. August 22, 1881.)*

1. U. S. PENSION LAWS—CLAIM AGENT—OVERCHARGING FOR FEES—SECTION 4785, REV. ST., REPEALED—INDICTMENT UNDER SECTION 5485.

   The only provision in the title of the Revised Statutes pertaining to pensions, limiting the fee which an agent or attorney might lawfully demand and receive for the prosecution of a pension claim, (section 4785,) having been repealed by the act of congress of June 20, 1878, an indictment under section 5485, for receiving a greater compensation "than is provided for in the title pertaining to pensions," cannot be maintained.

2. SAME—INDICTMENT FOR WITHHOLDING PENSION MONEY.

   Notwithstanding the law requires all pension moneys to be paid directly to the pensioner, an indictment charging the defendant with unlawfully withholding pension money due a pensioner, *held* good on demurrer

   *U. S. v. Connally,* 1 FED. REP. 779, *followed and approved.*

On Demurrer to Indictment.

*Chas. H. Blackburn* and *P. S. Goodwin,* for the demurrer.

*Channing Richards,* U. S. Dist. Att'y, *contra.*

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

BAXTER, C. J. Defendant's demurrer raises two questions. Three counts of the indictment allege that on the tenth of May, 1879, the defendant received from Barbara A. Bently, for his services as her agent in the prosecution of a pension claim, a greater compensation than is provided for in the title in the Revised Statutes pertaining to pensions. These counts are based on sections 4785 and 5485 of the Revised Statutes. The first declares that no agent or attorney shall receive a greater compensation for his services in the prosecution of a pension claim than such as the commissioner of pensions shall direct, not exceeding $25. The latter provides that if any agent or attorney shall receive a greater compensation for such services "than is provided for in the title pertaining to pensions," he shall be indictable, etc. Such was the law for several years prior and up to the twentieth of June, 1878, when congress passed the act of that date, fixing the fee of agents and attorneys for such service at $10. This act does not in terms profess to repeal the foregoing sections, or either, or any part of either of them, but necessarily supersedes so much of section 4785 as vested the commissioner of pensions with authority to fix the amount of fee to be paid within the limits mentioned, and to that extent repeals said section. There was, therefore, at the time the defendant received the compensation complained of in the indictment, no provision in the title of the Revised Statutes pertaining to pensions, limiting the fee which an agent or attorney might lawfully demand and receive for such services, and it follows that the count charging that defendant received a greater compensation than is provided for in said title cannot be maintained. The demurrer will therefore be sustained to these counts.

The other counts of the indictment are for an alleged unlawful withholding by defendant of a part of the pension money due to Mrs. Bently. His contention is that as the law requires all pension moneys to be paid directly to the pensioner, the court must judicially know that it is impossible for an agent or attorney to wrongfully withhold it, and that for this reason the defendant's demurrer ought to be also sustained to these counts.

This very question was considered by Judge Drummond in the case of *U. S.* v. *Connally,* 1 FED. REP. 779, in which the learned judge held adversely to the defendant's view of the law. His decision is able, full, and satisfactory. I think it right and adopt it, and, for the reasons stated therein, defendant's demurrer to said last-mentioned counts will be overruled.