## UNITED STATES *v.* DOWDELL.*

*(District Court, D. Indiana.  October 21, 1881.)*

1. UNITED STATES PENSION LAWS—INDICTMENT UNDER REV. ST. § 5485—MOTION
   TO QUASH.
   The act of June 20, 1878, (20 St. 243,) entitled "An act relating to claim
   agents and attorneys in pension cases," does *not* impliedly repeal the provisions
   of Rev. St. § 5485, relating to the offence of demanding, receiving, etc., unlaw-
   ful fees by claim agents in pension cases, and those provisions of Rev. St. §
   5485, obtain and apply to violations of the act of June 20, 1878.

Motion to Quash.

*A. C. Harris* and *W. H. Calkins,* for defendant.

*Chas. L. Holstein,* U. S. Dist. Atty., and *Chas. H. McCarer,* Asst.
U. S. Atty., for the United States.

GRESHAM, D. J.  The charge is that on the first day of January,
1880, the defendant demanded and received from Keziah A. Davis,
for prosecuting her claim for a pension, a greater sum than was
allowed by law.  The indictment is based upon section 5485 of the
Revised Statutes, which reads:

"Sec. 5485.  Any agent or attorney, or any other person instrumental in
prosecuting any claim for pension or bounty land, who shall, directly or indi-
rectly, contract for, demand, or receive, or retain any greater compensation
for his services or instrumentality in prosecuting a claim for pension or bounty
land than is provided in the title pertaining to pensions, or who shall wrong-
fully withhold from a pensioner or claimant the whole or any part of the
pension or claim allowed and due such pensioner or claimant, or the land-
warrant issued to any such claimant, shall be deemed guilty of a high misde-
meanor.  *  *  *"

Section 4785 declares that no agent, attorney, or other person shall
demand or receive any other compensation for his services in prosecut-
ing a claim for a pension or bounty than such as the commissioner of
pensions shall direct to be paid, not exceeding $25.  The act of June
20, 1878, (20 St. at Large, 243,) declares that it shall be unlawful
for any agent, attorney, or other person to receive for his services in
a pension case a greater sum than $10, and expressly repeals section
4785.  It is declared in section 5485 that no greater compensation
shall be retained or received for prosecuting a claim for pension
"than is provided in the title pertaining to pensions," and the defend-
ant moves to quash the indictment on the ground that the only com-
pensation which is found in the title pertaining to pensions is that in

*Reported by Chas. L. Holstein, United States Attorney.

section 4785, which has been repealed, and that it is no longer a criminal offence to demand or receive illegal fees for prosecuting pension claims.

Section 4785 simply authorized the commissioner of pensions to allow a fee of not exceeding $25 for prosecuting a claim. Not satisfied with this provision for the protection of pensioners, congress, by the act of 1878, declared that it should be unlawful for any agent or attorney to charge for his services in a single case more than $10, and repealed section 4785. It can hardly be doubted that it was the desire of this statute to protect pensioners rather than claim agents and attorneys, and to give effect to this design the statute must be enforced as a substitute for section 4785. Why did congress by this act declare that it should be unlawful for the agent or attorney to demand or receive more than $10 for his services in any one case, and affix no penalty for its violation? Clearly, I think, because it was understood that the punishment provided in section 5485 was in force and applicable. If it had been the intention of congress, while thus legislating in the interest of pensioners, to relieve agents and attorneys from criminal liability for demanding or receiving compensation in violation of law, that intention would have been manifested by an express repeal of section 5485, or that portion of it which prescribed punishment for demanding or receiving fees in violation of law, as well as section 4785.

It is true that section 5485 declares that the agent or attorney shall not demand or receive a greater compensation "than is provided in the title pertaining to pensions;" but the fair meaning of that is, I think, that no greater compensation shall be demanded or received than is provided by law.

In the general appropriation act, approved March 3, 1881, the following was inserted: "And the provision of section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of an act entitled 'An act relating to claim agents and attorneys in pension cases,' approved June 20, 1878." After the passage of the act of 1878 conflicting views were entertained as to whether there was any penalty for demanding or receiving compensation in violation of law for prosecuting pension claims, and the clause just quoted was inserted in the appropriation act to remove that uncertainty.

I am aware that the learned circuit judge of the sixth circuit, for whose judgment I have great respect, has held, in the case of *U. S. v. Mason,* reported in 8 FED. REP. 412, that the repeal of section

4785 relieved claim agents and attorneys from criminal liability for demanding or receiving illegal fees. I have been slow to differ from a judge of such known ability, but, after careful consideration, my mind leads me to a different conclusion.

Motion to quash overruled.

*Vide U. S.* v. *Connelly,* 1 FED. REP. 779.