## UNITED STATES *v.* JENSON.

*(District Court, D. Iowa.* January 7, 1883.)

1. STATUTORY OFFENSE—INDICTMENT.

Where sections 5485 and 4785 of the Revised Statutes must be construed together in order to constitute the offense charged in the indictment, and section 4785 has been repealed before the commission of the offense alleged, by a subsequent amendment thereto, it is wholly inadmissible, in dealing with the criminal provisions of section 5485, to extend them by construction to the future acts of congress, when, by the express words of the section, its provisions are confined to the then existing pension law, of which the amended section was a part.

2. VERDICT—SUSTAINED BY ONE GOOD COUNT.

Where the verdict in a criminal case is general, if any one count in the indictment is good, the judgment cannot be arrested.

Motion in Arrest of Judgment.

*J. S. Runnells* and *W. T. Rankin,* for the United States.

*James T. Lane,* for defendant.

LOVE, J. The prisoner in this case stands convicted by the jury upon an indictment containing nine counts, in each of which he is charged with taking a compensation for prosecuting a pension claim in excess of the sum allowed by the pension laws. He now moves in arrest of judgment upon two grounds: *First,* because of duplicity in the various counts in the indictment; *second,* because section 4785 of the Revised Statutes, which is essential to his conviction, was repealed before the commission of the offenses as alleged in the indictment. These grounds will be disposed of in their reverse order.

As to one of the principal questions involved in this motion there is a direct conflict between two eminent federal judges in the respective districts of Ohio and Indiana, as will be seen by reference to the cases of the *U. S.* v. *Mason,* 8 FED. REP. 412, and *U. S.* v. *Dowdell,* Id. 881.

I shall, therefore, be compelled to resolve this question by considering rather the reason of the law itself than the authority of these adjudged cases. And in this view it is my opinion that the prosecution cannot be sustained upon the first, second, third, fourth, and eighth counts of the indictment. In each of these counts it is alleged that the offense was committed at a time which was prior to March 3, 1881. These counts are based mainly, though not entirely, upon section 5485 of the Revised Statutes of the United States. In that section it is provided that "any agent or attorney, or any other

person instrumental in prosecuting any claim for pensions or bounty land, who shall directly or indirectly contract for, demand or receive, or retain any greater compensation for his services or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions, shall be deemed guilty of a high misdemeanor," etc.

It is clear that the counts referred to could not be maintained upon this section alone, for it contains no complete definition of the alleged offense. It provides that the offender shall be liable to prosecution when he demands or receives a greater compensation for his services in procuring a pension than is allowed in the title of the Revised Statutes pertaining to pensions.

It is evident, therefore, that we must look to that title for one of the essential elements of the offense, and we find that element in section 4785 of the Revised Statutes. That section is as follows:

"Sec. 4785. No agent, attorney, or other person shall demand or receive any other compensation for his services in prosecuting a claim for a pension or bounty land than such as the commissioner of pensions shall direct to be paid to him, not exceeding $25."

Taking sections 5485 and 4785 together, the offense plainly consists in the agent or attorney demanding or receiving any other compensation for his services than such as the commissioner of pensions directs to be paid to him, not exceeding $25. If section 4785 did not exist there would be no completely-defined offense, and the offender could not be prosecuted by virtue of the provisions of section 5485 alone. Now section 4785 did not exist in force when the offenses as alleged in the several counts in question were committed; for section 4785 was expressly repealed by the act approved June 20, 1878, "relating to claim agents and attorneys in pension cases." This act declared that it should be unlawful for any agent or attorney to charge for his services in a single case more than $10; and it in express terms repealed section 4785.

Section 4785 being thus repealed, section 5485 stood alone as a basis of the prosecution at the time when, according to the allegations of the several counts referred to, the prisoner's offenses were committed. It was not provided by 5485 that the offender should be liable generally for taking illegal compensation, or for taking compensation in excess of the amount allowed by any and every act of congress, present or future. It was expressly provided in that section that the offender should be liable to prosecution for taking compensation in excess of the amount provided by a particular act of

congress then in existence and expressly mentioned. No mention or reference whatever is made in section 5485 to any future act that congress might pass. So in the act of 1878 no reference whatever is made to section 5485. That act simply provides that no agent or attorney shall in a single case charge for his services more than $10, and that section 4785 should be repealed. It would, I think, be wholly inadmissible, in dealing with the criminal provisions of section 5485, to extend them by construction to future acts of congress, when by the express words of the section its provisions are confined to the then existing pension law. Suppose congress had seen fit by the act of 1878 to repeal the whole title upon pensions referred to in section 5485, and had made a new pension law, would the penal clause in section 5485 have been continued in force by the terms of the act of 1878?

Let us pass next to the consideration of the fourth, fifth, sixth, and ninth counts of the indictment. In each of these counts it is alleged that the offenses were committed at various times, which were subsequent to the third day of March, 1881. Now, on the third day of March, 1881, congress, in the general appropriation bill, provided that the "provisions of section 5485 of the Revised Statutes should be applicable to any person who should violate the provisions of an act entitled an act relating to claim agents and attorneys in pension cases, approved June 20, 1878." We have seen that this act of 1878 provided that it should be unlawful for any agent or attorney to charge for his services in a single pension case more than $10; and, for a violation of this act, it was provided, in the act of March 3, 1881, that the offender should be liable to prosecution under the provisions of section 5485. Now, in the fourth, fifth, sixth, and ninth counts it is charged that the prisoner at the bar, at times which were subsequent to the third of March, 1881, received from the several parties therein mentioned sums greatly in excess of the sum of $10 authorized by the act of 1878. It seems clear, therefore, that the prosecution is maintainable under the counts last mentioned by virtue of the provisions of the act of 1881.

The ground of duplicity urged by the prisoner in arrest of judgment is that to demand and receive compensation are distinct and separate offenses under the statute, and that these distinct and separate offenses are united in the several counts of the indictment.

But even if this ground be tenable, it cannot be sustained in opposition to the present indictment, because it is expressly alleged in the fourth count that the prisoner, on the fifteenth day of January, 1882,

received from one Henry Pansean the sum of $200 as compensation for prosecuting Pansean's claim; and if any one count of the indictment be good, the verdict being general, the judgment cannot be arrested.

Motion overruled.