## UNITED STATES v. MOORE.[1]

*(Circuit Court, D. Kentucky.   October 9, 1883.)*

1. CRIMES—PENSION LAWS—DEMANDING OR RECEIVING FOR SERVICES IN A PENSION CASE A GREATER SUM THAN TEN DOLLARS—REV. ST. § 5485; 1 SUPP. REV. ST. pp. 386, 602.
    The penalties imposed by section 5485 apply to the demanding or receiving for services in a pension case a greater sum than $10.

2. SAME—FRAUD AND 'EXTORTION.
    Fraud and extortion constitute no part of the offense of demanding or receiving an illegal fee.   The fact of its demand or receipt completes the offense.

3. SAME—WHAT ADVANCES MAY BE REIMBURSED.
    The limitation is as to the compensation for services.   Money advanced and actual expenses incurred in prosecuting the claim may be reimbursed.

4. SAME—PENSIONER CANNOT PAY MORE THAN TEN DOLLARS FOR FEE.
    When a pensioner receives his money he has the right to do with it as he pleases, except that he cannot pay more than $10, either directly, or by any device of loan or gift, for services rendered in his pension case.

Indictment under section 5485, Rev. St., as amended by 1 Supp. Rev. St., pp. 386 and 602. ·

*Geo. M. Thomas* and *Geo. Du Relle*, for the Government.

*Samuel McKee* and *John L. Scott*, for defendant.

BARR, J., *(charging jury.)*   You have listened patiently to the testimony· and the exhaustive arguments of counsel, and it is only necessary for me to give you, as briefly as I can, the law which should control in the decision of this case.   It is, and has been for years, the settled policy of the government of the United States to protect its pensioners, and to secure to them the bounty which is intended for the pensioners only.   Congress has, with this purpose in view, passed various laws regulating and prescribing the fees that attorneys, agents, and others prosecuting pension claims shall take for their services, and fixing a penalty for any one who contracted for, demanded, or received more than the amount thus prescribed.   These laws became a part of the Revision of 1873.   The 5485th section is in these words:

"Sec. 5485. Any agent or attorney, or any other person, instrumental in prosecuting any claim for pension or bounty land, who shall, directly or indirectly, contract for, demand, or receive or retain any greater compensation for his services, or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions, or who shall wrongfully withhold from a pensioner or claimant the whole or any part of the pension or claim allowed and due such pensioner or claimant, or the land-warrant issued to any such claimant, shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall for every such offense be fined not exceeding five hundred dollars, or imprisonment at hard labor not exceeding two years, or both, at the discretion of the court."

The "title pertaining to pensions," in sections 4785–6, fixed the fee for services in a pension case at $10, but allowed the parties to con-

---

[1] Reported by Geo. Du Relle, Asst. U. S. Atty.

tract, subject to the approval of the commissioner of pensions, for a fee not exceeding $25. Congress, by an act approved June 20, 1878, repealed section 4785, which permitted a fee of $25, and enacted that section 4786 should not apply to any case or claim thereafter filed, and declared that it should "be unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars." But congress failed to make the penalties prescribed by section 5485 applicable to those who violated the provisions of this act. The result of this omission was that, although it was unlawful to demand or receive more than $10 for one's services in a pension case, there were no penalties, as section 5485 did not apply. This omission was remedied by an act approved March 3, 1881, and if the different laws upon this subject were thrown together they would read thus:

"It shall be unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars. * * * Any person so offending shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall for every such offense be fined not exceeding five hundred dollars, or imprisonment at hard labor not exceeding two years, or both, at the discretion of the court."

The offense is the demanding or receiving for one's services in a pension case a greater sum than $10. Neither fraud nor extortion is a necessary element in this offense, nor have you anything to do with the reasonableness or unreasonableness of the fees which defendant is alleged to have received. The simple inquiry for you is, has the defendant demanded or received, or demanded and received, for his services in either of the cases set out in the indictment more than $10?

Congress has declared by this law, and as a part of its system of bounties, that it is unlawful for any one to demand or receive for his services in a pension case more than $10, and it is not for you, sitting here, to pass upon its wisdom or unwisdom. It is, no doubt, a limitation upon the citizen's right to contract upon this particular subject; but if this law is a constitutional exercise of power,—and of this there cannot be a serious doubt, I think,—the citizen must obey this as other laws. The language of the act is that it shall be unlawful to demand or receive for "services" in a pension case more than $10. This does not include actual expenses; hence, an agent, attorney, or other person aiding a pensioner may be reimbursed money which he may have advanced to or for him, and may also be repaid actual expenses incurred in prosecuting the pension claim.

This indictment has many counts, but those which allege an offense to have been committed between June 20, 1878, and March 3, 1881, are not before you, as a demurrer has been sustained to them. The other counts charge the defendant in different phraseology with having unlawfully demanded and received for his services in the pension case of one Thompson $750, in the pension case of one Gose

$2,000, and in the pension case of one Burris $150. There is no conflict in the testimony as to the amounts received by the defendant, but there is as to how and for what he received these sums.

You are to weigh the evidence, and to judge as to the credibility of the witnesses, and if you believe from the evidence, to the exclusion of a reasonable doubt, that the defendant received from either of the pensioners named more than $10 for his services in that pension case, then he is guilty of the offense as charged as to that pensioner.

The defendant is entitled to be reimbursed any money advanced by him, or expended for actual expenses in the preparation or prosecution of these claims; but the fact that the money received by defendant was partly to reimburse him for money advanced and expended by him for actual expenses incurred in the preparation and prosecution of these claims, or either of them, will not prevent the receipt of money being unlawful if more than $10 was paid to and received by him as compensation for his services in either of these pension cases. * * * The testimony shows that each of these pensioners drew and received their penson money in their own hands, and hence they could do as they pleased with it, except they could not pay the defendant for his services in their pension cases more than $10 for each case. The testimony introduced by defendant tending to prove a gift to his wife, or a loan to him of $2,000 by Gose, is before you. If you believe from the evidence that Gose actually loaned the $2,000 to defendant, both parties understanding and intending that it would be repaid to Gose, the transaction was a lawful one; or if you believe that this $2,000 was a gift by Gose to defendant's wife,—a *bona fide* gift, voluntarily made, without being intended or received as a compensation for defendant's services, or because of a previous agreement by which defendant was to receive for his services and expenses in this pension case that sum,—that is also a lawful transaction. If you believe that Gose either thus loaned or gave this $2,000, you should find the defendant not guilty on the counts charging him with receiving of Gose more than $10 for his services. If, however, you believe the alleged loan was a mere mode of evading the law, or a device by which defendant was to get the money under his contract, without the expectation on the part of Gose of being repaid, or the intention on the part of defendant of repaying it; or if the alleged gift to the wife of the defendant was for the services rendered by defendant, and as compensation therefor, or was in compliance with an agreement between Gose and defendant, previously made, for compensation for his services and expenses in Gose's pension case, then neither of these transactions relieve the defendant from this charge, and they should be disregarded by you.

The jury found the defendant guilty.