## UNITED STATES *v*. VAN VLIET.

*(District Court, E. D. Michigan. January 5, 1885.)*

CRIMINAL LAW—ILLEGAL PENSION FEES—REV. ST. § 5485.

A prosecution for a violation of Rev. St. § 5485, in demanding and receiving a greater compensation for services in procuring a pension than is allowed by law, cannot be maintained for any offense committed prior to July 4, 1884.

On Demurrer to Information.

Defendant was prosecuted by information of the district attorney for a violation of Rev. St. § 5485, in demanding and receiving a greater compensation for his services and instrumentality in prosecuting certain claims for pensions than was allowed by law. Defendant demurred upon the ground that the law fixing the compensation

for such services had been repealed, and hence that there could be no conviction..

S. M. Cutcheon, Dist. Atty., and J. W. Finney, Asst. Dist. Atty., for the United States.

C. D. Long and John Atkinson, for defendant.

BROWN, J. A clear comprehension of the question raised by this demurrer requires a careful examination and analysis of the several statutes upon the subject of compensation to pension agents enacted at different times within the past 12 years. The information charges the defendant with a violation of section 5485, which reads as follows:

"Sec. 5485. No agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive or retain any greater compensation for his services, or instrumentality in prosecuting a claim for pension or bounty land, than is provided in the title pertaining to pensions, or who shall wrongfully withhold from a pensioner or claimant the whole or any part of the pension or claim allowed and due such pensioner or claimant, or the land-warrant issued to any such claimant, shall be deemed guilty of a high misdemeanor, and, upon conviction thereof, shall for every such offense be fined," etc.

This section is evidently incomplete, since it is only by reference to "the title pertaining to pensions" that it is possible to know the compensation which the agent is entitled to receive. Turning to title 57, "Pensions," we find the following section:

"Sec. 4785. No agent or attorney, or any other person, shall demand or receive any other compensation for his services, in prosecuting a claim for pension or bounty land, than such as the commissioner of pensions shall direct to be paid to him, not exceeding twenty-five dollars."

Construing this in connection with the former section, it is apparent that an information charging an agent with receiving more than the amount allowed by the commissioner of pensions, or with more than $25, would be good. But in 1878 congress repealed section 4785, and provided that it should be "unlawful for any attorney, agent, or other person to demand or receive for his service, in a pension case, a greater sum than ten dollars." 20 St. at Large, 243, (Supp. Rev. St. 386.) This repeal of section 4785 left section 5485 as imperfect a foundation for criminal prosecution as it would have been had section 4785 never been enacted, since "the title pertaining to pensions," in so far as it affected the amount which the pension agent was entitled to receive, was obliterated. Hence it was held by the circuit judge of this circuit, (I think correctly,) in U. S. v. Mason, 8 FED. REP. 412, that no prosecution could be sustained for overcharges made subsequent to the act of 1878; in other words, that the act of 1878 could not stand in the place of section 4785 in "the title pertaining to pensions," for the purpose of a criminal prosecution. It is true that in U. S. v. Dowdell, 8 FED. REP. 881, the learned judge for the district of Indiana held that the statute of 1878 might be enforced as a substitute for section 4785, and that the words, "than is provided in the title pertaining to pensions," should be construed as if they read,

"than is provided by law;" but, to remove all doubt upon the subject, congress, in 1881, declared, in a general appropriation bill, that "the provisions of section 5485 of the Revised Statutes shall be applicable to any person who shall violate the provisions of the act entitled "An act relating to claim agents and attorneys in pension cases, approved July 20, 1878," (Supp. Rev. St. par. 2, p. 602.) Under the law as thus amended, frequent prosecutions took place, and convictions were sustained.

But in the general appropriation bill of July 4, 1884, § 1, congress repealed the act of 1878, with a proviso "that the rights of parties shall not be abridged or affected as to contracts in pending cases, as provided for in said act; but such contracts shall be deemed to be and remain in full force and virtue, and shall be recognized as contemplated by said act." This provision saved the rights of parties to contracts under the statute of 1878, and declared such contracts in full force; but there was no saving of the right to prosecute criminally for taking greater compensation than had been allowed under this act, nor even of prosecutions already begun. Section 5485 was left as incomplete and inoperative as it had been before the act of 1881 was passed. It is true that this case differs from that of *U. S.* v. *Mason*, 8 FED. REP. 412, in the fact that the offense was committed after the act of 1881 was passed, and before the repealing act of 1884; but I understand the law to be well settled that a penal statute cannot be enforced after it has been repealed, though the offense has been committed before such repeal, unless there be a saving clause reserving a right of prosecution, (*Anon.* 1 Wash. 84; *U. S.* v. *The Helen*, 6 Cranch, 203;) and even if the act be repealed after conviction, judgment will be arrested. *Yeaton* v. *U. S.* 5 Cranch, 281; *U. S.* v. *Preston*, 3 Pet. 57; *Com.* v. *Marshall*, 11 Pick. 350; *Com.* v. *Kimball*, 21 Pick. 373; *Butler* v. *Palmer*, 1 Hill, 324. In this instance the act imposing the punishment (section 5485) is still in force, but the act defining the offense has been repealed. In the case of *Hartung* v. *People*, 22 N. Y. 95, the prisoner was convicted of murder. After conviction the legislature passed an act repealing the punishment of death on convictions of crime, without any saving in respect to offenses already committed. The cases are all reviewed, and it was held that the prisoner could not be executed. This case is the converse of that, but the result is the same in either case. To use the language of Mr. Justice TINDAL in *Key* v. *Goodwin*, 4 Moore & P. 341: "The repeal of a statute obliterates it as completely from the records of parliament as though it had never been passed." Of the same purport is the remark of Lord TENTERDEN in *Surtees* v. *Ellison*, 9 Barn. & C. 750. Applying this test to the act under consideration, it is quite clear that without section 4785, or the substituted act of 1878, there could be no prosecution for a violation of section 5485. The demurrer must be sustained and the defendant discharged.