## UNITED STATES v. SAPINKOW.

### (Circuit Court, S. D. New York. November 29, 1898.)

1. **INTERNAL REVENUE—CONSTRUCTION OF AMENDMENTS TO REVISED STATUTES.**
   When a chapter of the Revised Statutes relates to cigars, and the leading section defines cigars to include cigarettes, "within the meaning of this chapter," a subsequent change in the sections of the chapter by striking out the original sections of the Revised Statutes, and substituting new sections in place thereof, demands that the amendatory law be treated as still governed by the statutory definition in the leading section of the Revised Statutes, and criminal sections substituted for sections in the original chapter in the Revised Statutes, and in terms applicable to cigars, apply to cigarettes.

2. **REVISED STATUTES—AMENDMENTS.**
   A statute amending a section of the Revised Statutes by striking out the same, and substituting other amended provisions therefor, becomes part of the Revised Statutes.

3. **SAME.**
   The case distinguished from decisions under the pension laws, which, by section 5485, Rev. St., made it criminal to charge a greater compensation than was authorized in the title pertaining to pensions (section 4785), in which it was held that a statute enacted subsequent to the Revised Statutes, and repealing section 4785, and fixing different compensation, rendered the criminal provision (section 5485) unenforceable, because no compensation was provided any longer in the title pertaining to pensions.

4. **INTERNAL REVENUE—CONSTRUCTION OF STATUTES.**
   The statutory definition of cigars, making them include cigarettes (Rev. St. § 3387) when the term is used in a certain chapter, is not applicable to provisions of the same chapter, which, on their face, show that the term "cigars" is used in contradistinction to "cigarettes," and exclusive thereof, like Id. § 3394.

5. **CONSTRUCTION OF STATUTES—PROVISOS.**
   The construction of provisos considered. A particular provision *held* to be a proviso, and not an independent enactment, although the occasional use of the term "provided," to introduce provisions which are independent enactments, and not provisos, is recognized.

6. **SAME.**
   Statutes should be construed so as to harmonize and give effect to all their provisions, so that, when a body of law is amended, the whole system must be regarded in each alteration, and no disturbance allowed of existing legislative rules of general application beyond the clear intention of congress. Revenue statutes are, moreover, to be construed liberally.

7. **CRIMINAL LAW—COMPLAINTS ON INFORMATION AND BELIEF.**
   Complaints in criminal cases must be upon such oath as is required by the United States constitution and Rev. St. § 1014; and a complaint purporting to be on information and belief, in which no grounds

and sources of information are stated, but only certain grounds of belief not appearing to be based on deponent's personal knowledge, is insufficient, and does not confer jurisdiction to issue a warrant of arrest.

8. SAME—ISSUANCE OF WARRANTS.

Quære: Is jurisdiction conferred to issue a warrant in a case in which the warrant is issued upon the sworn complaint of a private citizen, which is not approved in writing by a United States district attorney, as required by Act May 28, 1896 (2 Supp. Rev. St. p. 486), even when the complaint is presented to the commissioner by an assistant United States district attorney?

9. SAME.

Defendant was charged in criminal proceedings before United States Commissioner Shields with violations of sections 3392 and 3397, as amended, of the Revised Statutes of the United States (1 Supp. Rev. St. pp. 241, 864), because of dealings with cigarettes not packed, etc., in the manner authorized by the statutes. Counsel for the prisoner moved that the commissioner dismiss the proceedings for want of jurisdiction on the following grounds: (1) That the facts alleged in the complaint do not constitute a crime under any law of the United States, because neither of the statutes mentioned in said complaint, nor the statutes amendatory thereof, in their features apply to cigarettes; (2) because the warrant has not been based on the proof under oath required by the constitution and Rev. St. § 1014; (3) because the complaint is by one other than a government officer upon his information and belief, and was not approved in writing, before its issuance, by a United States district attorney. The material portions of the complaint are set out in the opinion. The complaint purports to be on information and belief by one Kassel, a private individual, and the grounds of his information and belief given are expressed only in the following passage: "Deponent's belief is based upon falsely made cigarettes, purporting to be his manufacture, which are not his manufacture, and which bore deponent's stamps, which cigarettes had been sold by the defendant." The commissioner, by consent of the United States attorney and the attorney for the prisoner, certified the questions to the court for determination. The court, in the following opinion, decides that the motion to dismiss for want of jurisdiction should be granted because the second point is relevant; the first point is decided in favor of the government; and the third point is not decided, because the decision on the second point renders it unnecessary.

(Syllabus by the Court.)

Clarence S. Houghton and Wm. S. Ball, Asst. U. S. Atty., for the United States.

Max J. Kohler, for defendant.

THOMAS, District Judge. The defendant was arrested upon a warrant issued by Mr. Commissioner Shields, upon the complaint of a private person, for alleged violation of the internal revenue laws of the United States, in that (1) he unlawfully removed from the place of manufacture 500 cigarettes, not properly boxed and stamped; (2) and unlawfully and willfully sold and offered for sale 500 cigarettes, which were not packed in a box or boxes previously unused for that purpose, and were not stamped with a stamp denoting the internal revenue tax on the same cigarettes; (3) and did unlawfully fail, neglect, and omit to put up 700 cigarettes manufactured by him and for him, and sell the same, and remove the same for consumption and use, without putting up the said cigarettes in proper packages or parcels, as required by law, and without having affixed to each of said packages or parcels a suitable stamp denoting the tax thereon, and did unlawfully fail, neglect, or omit to properly cancel the stamp thereon appearing,

prior to the sale and removal of the said cigarettes for consumption and use; (4) and did unlawfully sell and offer to sell 500 cigarettes, packed in a form other than in new boxes or packages, not before used for that purpose, containing, respectively, 10, 20, 50, and 100 cigarettes each, but which were placed in old boxes or packages, which had been before used for packing cigarettes, the number of said boxes or packages so removed being no less than 50 boxes or packages, each containing 10 cigarettes.

The statute relating to the offenses charged is contained in chapter 7 of title 35 of the United States Revised Statutes, which comprises sections 3387 to 3406, inclusive. The particular sections involved are section 3387 (the first section in the chapter) and sections 3392 and 3397 contained in such chapter. It is not denied by the defendant that certain sections of the Revised Statutes exist, numbered sections 3392 and 3397, which prohibit the acts and omissions charged against the defendant. But it is urged that the defendant has not committed an offense under such sections, (1) because sections 3392 and 3397, having been amended, are not a part of chapter 7, so as to be applicable to cigarettes, by mere force of the provisions of section 3387 of chapter 7, which provides that "cigarettes and cheroots shall be held to be cigars under the meaning of this chapter"; (2) because the new section 3397 does not of itself make provision for cigarettes, and, while 3392 does provide for the packing of cigarettes, no penalty is attached to a disobedience of the provision.

The following legal proposition will be first considered: When a chapter of the Revised Statutes relates to cigars, and the leading section defines cigars to include cigarettes, does a subsequent change in the sections of the chapter exempt cigarettes from the statutory definition? By Act 1879, c. 125, § 16, sections 3387, 3392, and 3397 were amended (1 Supp. Rev. St. pp. 240, 241), and by Act 1890, c. 1244, section 3392 was again amended (1 Supp. Rev. St. p. 864). But the definition of cigars, as contained in original 3387, is not, in terms, disturbed. By the act of 1879 it is provided "that section thirty-three hundred and ninety-seven be, and the same is hereby, amended by striking out all after the said number, and substituting therefor the following." Then follows the new phraseology, which differs from that in the original section by providing for "*stamping, indenting,* burning *or impressing* into each box, *in a legible and durable manner* (with a branding iron), the number of cigars contained therein (the name of the manufacturer), the number of the manufactory, and the number of the district, and the state," etc. The italicised words are in the new section, and not in the old, and the words in parentheses are in the old statute, and not in the new. The new section also contains a provision relating to cigars exported, and their exemption from the internal revenue tax. Two facts are noticeable: (1) The new section is a substitute for the old, and is in terms related to chapter 7; (2) the new provision for "stamping, indenting, or impressing into each box" certain information, makes the provision more applicable to cigarette packages than did the old provision for burning, which was more suitable for cigar boxes. Therefore the amendments make the section more applicable to cigarettes than it was before. Without re-

ferring for the moment to section 3392, the present inquiry may be, is section 3397 so made a part of chapter 7 as to bring cigarettes within its provisions by virtue of the definition of cigars contained in section 3387? Chapter 7 is a constituent part of title 35, which in turn is a subdivision of the Revised Statutes. Chapter 7, as regards the subject of which it treats, is given a certain isolation and completeness, whereby certain sections are assembled into one common whole. This clustering of sections was adopted because they were deemed homogeneous, and, while they may be interdependent, they are not related for the purposes of their application, either to other parts of the Revised Statutes, or to extrinsic chapters. The result is that when a certain section is changed, either in form or substance, a change is made, not only in the section, but also in the entire chapter; and the lawmaker, in providing the new matter, if it be such, is deemed to have had chapter 7 and all its sections in view, and to have subjected the new provisions to their influence. When section 3397 was changed in phraseology, and slightly in substance, by the addition of cognate matter, it was still 3397 of chapter 7, and continued to perform the former office of that section, in its allotted relation to all the other sections of the group of which it was an integral part. Attention is called in the interesting and skillful brief of the defendant's counsel to U. S. v. Mason, 8 Fed. 412; U. S. v. Hewitt, 11 Fed. 243; U. S. v. Jenson, 15 Fed. 138; U. S. v. Starn, 17 Fed. 435; U. S. v. Moore, 18 Fed. 686; U. S. v. Goodwin, 20 Fed. 237; U. S. v. Van Vliet, 22 Fed. 641. See, contra, U. S. v. Dowdell, 8 Fed. 881. These cases involved an offense created by section 5485 of the Revised Statutes, which is a part of the crimes act, which made it a crime for a person to charge or retain "any greater compensation for his services than is provided in the title pertaining to pensions," of which section 4875 provided that such compensation should be $25. Subsequently this section was repealed, and provision was made in the repealing act for allowable charges of pension agent. See chapter 367, Act 1878 (20 Stat. 243). This repeal of section 4785 left section 5485 without foundation for a criminal prosecution, since the section to which it referred had ceased to exist. In other words, the offense and its punishment were created by two primarily independent statutes, contained in different titles of the Revised Statutes; but a connection was established for the purposes of the penalty by a reference in one statute to the other. Later the section containing the punishment by repeal ceased to exist, and nothing was inserted in its place. Hence the section referred to an hiatus in "the title pertaining to pensions." The case is not at all analogous to that at bar. Here the changed section (3397) is a component part of a particular chapter, adjusted to its other provisions, and in terms is attached to that chapter, and the amendments in certain particulars made the section more applicable to cigarettes, and in other particulars did not make it less applicable to cigarettes. If the material that made up the old section was taken away, coincidently with its removal a similar provision took its place. But in the application of the definition contained in section 3387 to cigarettes there is an opportunity for interpretation. Under such definition chapter 7 would not be regarded as applicable to cigarettes,

so far as some special provision therein was specifically made for cigarettes. Thus, in section 3394, the tax on cigars and cigarettes is stated at different amounts. In such case the specific provision for a tax on cigarettes would except it from the provision relating to cigars, and it may be that some other provision might, in the nature of the case, be so peculiarly applicable to cigars, and so obviously inapplicable to cigarettes, that a court would be justified in construing the statute accordingly.

Having concluded that section 3397 as amended is but a continuation of the original section, and subject to the operation of section 3387, the court is brought to the consideration of section 3392. Should the same construction be observed? The amendment changes the former section in the following particulars: (1) By allowing cigars to be packed in boxes containing 200 each; (2) by allowing the use of sample boxes containing not less than 12 nor more than 13 cigars; (3) by prohibiting packing less than the allowed number of cigars in each box; (4) by omitting the minimum fine and imprisonment; (5) by providing (a) for the packing of cigarettes in quantities other than the quantities appointed for cigars, (b) for the affixing of suitable stamps on packages of cigarettes, and the cancellation thereof, prior to sale or removal for consumption or use, under such regulations as the commissioner of internal revenue shall prescribe, (c) that imported cigarettes shall be packed, stamped, and the stamps canceled in like manner in addition to the import stamp. See similar provision, section 3402. It will be observed that the substantial change in the section relates to the several quantities of cigarettes containable in a given box. The change indicated under (1), above, is incorporated in the purview of the primary provision commanding in what quantities cigars may be packed. Thereupon the matter indicated under (2) is brought in by a proviso for sample boxes, which proviso modifies so much of the purview of the statute as precedes it. The purview of the section then continues, and is accompanied by a proviso as to retail dealers, all substantially, save the omission of the minimum penalties, as is contained in the section before this amendment. Thereupon follows the provision for packing and stamping cigarettes, etc., which is brought in under a paragraph introduced by the words "and provided further." This proviso excepts from the purview of the section cigarettes to the extent stated, viz. in regard to the quantities in which they shall be packed; that is, while the purview prescribes that cigars shall be packed in certain quantities, cigarettes are excepted from such provision, and are directed to be packed in certain other quantities. The very fact that this proviso is used to save out cigarettes from the provision applicable to cigars shows that congress regarded cigarettes as cigars, and, unless differentiation were made as to the packing thereof, they would fall within the provision as to cigars. The general purpose of a proviso is to except the clause covered by it from the general provisions of a statute, or from some provisions of it, or to qualify the operation of the statute in some particular, although it has been pointed out that "it is a common practice in legislative proceedings in the consideration of bills for parties desirous of securing amendments to

them to precede their proposed amendments with the term 'provided,' so as to declare that, notwithstanding existing provisions, the one thus expressed is to prevail, thus having no greater significance than would be attached to the conjunction 'but' or 'and' in the same place, and simply serving to separate or distinguish the different paragraphs or sentences." Railroad Co. v. Smith, 128 U. S. 174, 181, 9 Sup. Ct. 49. It has been said of a proviso that the general rule is that a proviso carves special exceptions out of the body of the act (Ryan v. Carter, 93 U. S. 83); that the office of the proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended by the legislature to be brought within its purview. Minis v. U. S., 15 Pet. 423, 446. There seems to be no doubt of the effect of the proviso in the case at bar. A particular section of a particular chapter of the Revised Statutes was amended. That chapter, by section 3387, included cigarettes within the word "cigars"; the amended section provided a slight change for packing cigars. This new manner of packing cigars would include cigarettes, and a proviso was added that excepted cigarettes from that manner of packing; but the proviso did not, beyond its terms, operate upon the purview. Hence, while cigarettes were excepted from the purview as to packing, they were not thereby excepted from the remaining provisions of the purview. Hence the punishment provided in the purview applied to any omission to pack as directed in the proviso relating to cigarettes. There is no incongruity, and no absurdity in the application of the statute can result. It is one of the purposes of the just interpretation to avoid this (Heydenfeldt v. Mining Co., 93 U. S. 634, 638), and to harmonize and give effect to all of the provisions of a statute (Platt v. Railroad Co., 99 U. S. 48). Therefore, when a body of law is amended, "the whole system must be regarded in each alteration, and no disturbance allowed of existing legislative rules of general application beyond the clear intention of congress." Saxonville Mills v. Russell, 116 U. S. 13, 21, 6 Sup. Ct. 240, where it is said: " 'In the interpretation of our system of revenue laws, which is very complicated,' as was said in the case of U. S. v. Sixty-Seven Packages of Dry Goods, 17 How. 85, 93, 'this court has not been disposed to apply with strictness the rule which repeals a prior statute by implication, when a subsequent one has made provision upon the same subject, and different in some respects from the former, but have been inclined to uphold both, unless the repugnancy is clear and positive, so as to leave no doubt as to the intent of congress.' " A consultation of that case will illustrate how far the court went to perpetuate a proviso connected with a statute, and attach it to a subsequent statute. It is elsewhere stated that: "Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in their character, and intended to prevent fraud, suppress public wrong, and promote the public good. They should be so construed as to carry out the intention of the legislature in passing them, and most effectually accomplish these objects." Cliquot's Champagne, 3 Wall. 114, 145; U. S. v. Hodson, 10 Wall. 395; Smythe v. Fiske, 23 Wall. 374, 380. It requires no construction illiberal to the defendant to regard

section 3392, as amended, as a continuing portion of chapter 7, and in assuming that congress had in view that chapter, and each and every provision thereof, in making the alteration contained in the amended section.   It would, on the other hand, offend the rule of interpretation above stated to regard the amendment to section 3392 as a repeal pro tanto of the definition of cigars contained in section 3387.   There is no repugnancy and no difficulty in construction.   The section continues as a part of chapter 7, performing its duty as a part thereof, and the statute expressly points out the extent to which cigarettes are intended not to be classed as cigars.   The provisions of section 55, c. 1244 (1 Supp. Rev. St. p. 869), are consonant with these views.   But it is urged that the power of regulation given to the commissioner of internal revenue enables him to make regulations, the disobedience of which would entail punishment, and that this is beyond the power of congress. It is not understood that a disobedience of any such regulations is charged against the defendant.   The statute in terms prohibits all the offenses involved in his arrest, and provides a punishment therefor.

Aside from the questions just discussed, it is claimed that the warrant of arrest was issued without jurisdiction, because the complaint herein was not on such oath as is required by the United States constitution and the Revised Statutes (section 1014).   The warrant is issued on the complaint of one Kassel, a private citizen, and all the statements of alleged fact rest upon information and belief.   No grounds of information are stated, but deponent's belief is stated to be "based upon falsely made cigarettes [whatever that means] purporting to be his [deponent's, intending] manufacture, which were not his manufacture, and which bore deponent's stamps, which cigarettes had been sold by the defendant."   How did the deponent know that the defendant sold these false cigarettes?   He has just sworn to the fact on information and belief.   Is he using alleged facts, which he knows only on information and belief, as a statement of the basis of his belief?   It appears so to the court.   Without examining the decisions cited by the learned counsel for the defendant, it is evident that the complainant has not stated any grounds either for his information or belief.   Did he know where defendant's place of manufacture was?   Did he know or hear of the defendant doing any of the acts alleged against him?   Did he see any of the cigarettes sold?   Does he know or hear of any fact or circumstance in any degree connecting the defendant with any of the transactions alleged on information and belief?   If so, why did he not state when and where he derived his knowledge?   As his affidavit stands, the deponent has stated on his information and belief that the defendant was guilty of various acts and omissions, but he fails utterly to give the slightest substantiation of such information and belief, or either.

Further objection is made to the warrant upon the ground that it is issued upon the sworn complaint of a private citizen, and is not approved in writing by a United States district attorney, as provided by the act of May 28, 1896.   2 Supp. Rev. St. p. 486.   Inasmuch as the warrant cannot be sustained for the reason that the grounds of the complainant's information and belief are not sufficiently set forth, it is unnecessary to consider this objection.   If it shall appear to the district attorney to have been well taken, the omission can be supplied in future cases.