**No. 15.**—THE MAYOR AND CITY COUNCIL OF ROME, plaintiffs in error, *vs.* NEILS J. OMBURG, defendant in error.

The breach of a pound and liberating a cow confined therein, is no violation of an ordinance against opposing and interrupting the Marshal in executing an ordinance which required him to take up and impound cattle strolling at large in the city.

Certiorari, in Floyd Superior Court. Decided by Judge HAMMOND, at August Term, 1856.

Neils J. Omburg, defendant in error, was fined by the Mayor and City Council of the City of Rome, twenty dollars, for a violation of an ordinance of said city, prohibiting any person from opposing or interrupting any city officer in the execution of the ordinances of said city.

The City Council had passed an ordinance, making it the duty of the Marshal to take up any horses, mules or cattle found running at large in the streets of said city, between the first day of October and April, and confine such animals in some secure place. The ordinance goes on and provides

how the Marshal shall proceed to give notice, advertise, &c., and allows said Marshal or any other officer fifty cents for each head of cattle taken up, to be paid by the owner, or out of the proceeds of sale.

Two boys, one about 12 years old and the other about 14, found Omburg's cow lying in a back street, and near his house or residence, and drove her to a pen or pound provided by the Marshal for impounding stock taken up under said ordinance. The boys had been employed by the Marshal to take up all cows found by them in the streets, and to pen them, and he gave them fifty cents for every cow found and impounded by them. Omburg ascertaining that his cow was in said pen, went and broke the lock and took her out; and for this he was tried for violating the ordinance for opposing and interrupting any officer in the execution of the ordinances of said city.

He excepted to the order of the Mayor and Council imposing said fine, and by certiorari brought the same up for review before the Superior Court. That Court sustained the certiorari and reversed and set aside the order of said Mayor and Council. To this decision counsel for the Mayor and Council excepted and assigns error.

HARVEY & ALEXANDER, for plaintiff in error.

UNDERWOOD & SMITH, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

Conceding the power of the Mayor and Council under the Act of incorporation to pass and enforce the ordinance under which the defendant was tried and fined, it does not appear that the defendant in error had offended against it. By an ordinance of the city, the Marshal was required to take possession of, and impound any cow running at large in any of the streets of the city. Another ordinance of the city pro-

hibited " any person from opposing or interrupting any city officer in the execution of the ordinances of said city." The defendant was tried and fined for violating the latter ordinance, on the charge of opposing and interrupting the city Marshal in the execution of the former ordinance. The cow had been impounded without opposition or interruption. The act had been completed and the ordinance executed, before the defendant committed the act which is alleged to have constituted the offence. The breach of the pound was no opposition or interruption of the officer in the execution of the ordinance. Obstructing the execution of lawful process is an offence, 4 *Black. Com.*, 129. This takes place while the officer is attempting to execute the process. An escape after an arrest, and before the person arrested is imprisoned, is another offence. *Ib.* 130. Breach of prison is a different offence, and rescue, which is forcibly freeing another from imprisonment, is a distinct offence. *Ib.* 131. It is unnecessary to consider other points made in the record, as, on the view of the case here presented, we affirm the judgment of the circuit Judge, reversing and setting aside the order of the Mayor and Council of Rome, imposing a fine on the defendant.

Judgment affirmed.