STATE v. SHERBURNE.

Evidence, that on the defendant's motion judgment was arrested on the first indictment because it was insufficient, will not maintain a plea of former conviction.

INDICTMENT, for an assault upon an officer. Plea *autrefois convict.* Facts agreed. The defendant was indicted, at the April term, 1876, in this county, for the offence charged in this indictment. He pleaded *nolo contendere,* and moved that judgment be arrested because the indictment was insufficient. The court arrested the judgment and discharged the defendant.

*Greene,* Solicitor, for the State.

*Mugridge,* for the defendant.

BINGHAM, J. If the defendant had submitted to the judgment of the court on his plea to the first indictment, his plea to the second might have been good. *Commonwealth* v. *Loud,* 3 Met. 328 ; *Commonwealth* v. *Keith,* 8 Met. 531.

He did not submit, but moved in arrest of judgment for insufficiencies in the indictment, and judgment was arrested. This brings the case within the rule, that when the first indictment is so far erroneous that no good judgment can be ordered against the defendant, and none is ordered, the proceeding is no bar, because in apprehension of law the defendant was never in danger. 4 Hawk. P. C. 317, 330 ; *Marston* v. *Jenness,* 11 N. H. 156, 161 ; Com. Digest, " Indictment " L.; 1 Chit. Cr. Law 453, 462 ; *People* v. *Barrett,* 1 Johns. 66 ; Arch. Cr. Pl. 82, 86 ; 1 Bouv. Dic. 174.

*Case discharged.*

Foster, J., did not sit : the others concurred.