## UNITED STATES *v.* GOODWIN.

*(Circuit Court, D. New Hampshire. May 13, 1884.)*

1. CRIMINAL LAW—INDICTMENT.
   An indictment need not set out the law upon which the offense was founded.
2. SAME—STATUTORY OFFENSE—STATUTE REPEALED—ARREST OF JUDGMENT.
   If the indictment contains allegations, recitals, or averments that make it evident that the grand jury acted in finding it upon a statute which had been repealed, the judgment must be arrested.

3. SAME—SURPLUSAGE—ALLEGATIONS.
　　Such allegations cannot, though unnecessary, be rejected as surplusage, so as to allow judgment to be rendered under another statute enacted in place of the one repealed.

Motion in Arrest of Judgment.

*Mr. Burns*, U. S. Atty., for the United States.

*H. S. Clark, Sulloway, Topliff & O'Connor*, for defendant.

CLARK, J.　The indictment in this case contains three counts with the same averments and allegations, so far as necessary to be considered here. It was evidently drawn and found by the grand jury upon sections 4786 and 5485 of the Revised Statutes. The first of these sections provides that "in all cases where the application is made for pension or bounty land, and no agreement is filed with and approved by the commissioner as herein provided, the fee shall be ten dollars and no more." That is, the fee of the agent or attorney assisting the application. The other section (5485) declares that "any agent or attorney or other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand, or receive or retain any greater compensation for his services or instrumentality in prosecuting a claim for pension or bounty land than is provided in the title pertaining to pensions, * * * shall be deemed guilty of a high misdemeanor, and upon conviction thereof shall for every such offense be fined," etc.

The indictment alleges that one Roy was an applicant for a pension, and that the respondent was his attorney; "that no articles of agreement setting forth any fee agreed to be paid to said Richard J. P. Goodwin by said Francis Roy were ever filed with the commissioner of pensions;" "that under the laws of the United States, and the provisions contained in the Revised Statutes of the United States in the title pertaining to pensions, no greater fee than ten dollars could lawfully be received by said Richard J. P. Goodwin for his services in prosecuting the said application of said Francis Roy as aforesaid;" and that "the said Richard J. P. Goodwin unlawfully received from said Roy, for his services in prosecuting said application for a pension as attorney, aforesaid, a sum greater than ten dollars, to-wit, the sum of sixty dollars."

By the act of June 20, 1878, (Supp. Rev. St. 386,) section 4786 of the Revised Statutes, "in the title pertaining to pensions," was repealed, and no provision of law was left in that title to prevent any attorney from taking a larger fee than $10 for services rendered in prosecuting a pension claim. But by the act of June 20, 1878, which repealed section 4786, in the Revised Statutes, title "Pensions," it was again provided that "it shall be unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars."

By the repeal of section 4786, section 5485 was rendered inoperative, because there was left no provision in the title relating to pen-

sions to which it could apply, nor could it apply without further legislation to the act of June 20, 1878; which further legislation was supplied by the act of March 3, 1881, (1 Supp. Rev. St. 602.)

The question then is, can this indictment, found at the October term of this court in 1882, be sustained under the allegations in the indictment; section 4786 of the Revised Statutes, in the title pertaining to pensions, having been repealed by act of June 20, 1878? The district attorney contends that it can, under section 1 of the act of June 20, 1878, which provides that "it shall be unlawful for any attorney, agent, or other person to demand or receive for his services in a pension case a greater sum than ten dollars;" and under the act of March 3, 1881, which makes section 5485 of the Revised Statutes apply and extend to the act of the twentieth of June, 1878. But the difficulty is, that the indictment alleges that "under the laws of the United States, and the provisions contained in the Revised Statutes of the said United States in the title pertaining to pensions, no greater fee than ten dollars" could lawfully be received by said Richard J. P. Goodwin for his services, and the act of June 20, 1878, does not answer this allegation of the indictment. It is neither in the Revised Statutes nor in the title pertaining to pensions. It is a pretty decisive answer to the position to say that the grand jury in this indictment have charged the respondent with violating the law of the United States as contained in the title "Pensions" in the Revised Statutes, and not otherwise.

Again, it is argued that the act of June 20, 1878, may be regarded as one of the provisions of the title "Pensions" because it relates to pensions, and it was so held in *U. S.* v. *Jessup*, 15 FED. REP. 790, and in *U. S.* v. *Dowdell*, 8 FED. REP. 881; while the contrary opinion was held in *U. S.* v. *Mason*, 8 FED. REP. 412; *U. S.* v. *Hewitt*, 11 FED. REP. 243; and *U. S.* v. *Jenson*, 15 FED. REP. 138.

The weight of authority and argument, it seems to me, is against such contention or construction of the law.

The act of June 20, 1878, is neither in the title "Pensions" nor in the Revised Statutes.

Again, it is maintained that the offense charged in this indictment is, as alleged, against the laws of the United States, if not against the provisions contained in the Revised Statutes in the title pertaining to pensions, and that the words "and in the provisions contained in the Revised Statutes of said United States, in the title pertaining to pensions," may be rejected as surplusage. But that cannot well be. These last words proposed to be rejected limit the extent of the expression "laws of the United States" to the laws of the United States contained in the Revised Statutes, in the provisions in the title "Pensions," and point out particularly the law on which this indictment was found by the grand jury.

It is never necessary to set forth matters of law in a criminal proceeding. *U. S.* v. *Rhodes*, 1 Abb. (U. S.) 28. But if the indictment

set out the offense with greater particularity than is required, the proof must correspond with the averment; nothing connected with the offense is regarded as surplusage. *U. S.* v. *Brown,* 3 McLean, 233. And it must be that if the law supposed to govern the offense be set out in the indictment, and the grand jury present it to the court as their finding, it cannot be rejected, if erroneous, because it was the ground of their action.

In *Butler* v. *State,* 3 McCord, 383, it was held that an indictment need not recite the statute on which it is founded; but if an indictment professes to do so, a material variance will be fatal; or, if the statute does not support the verdict, it must fail. If there had been no allegations in the indictment as to the law, the indictment might have been sustained; but as these allegations make it quite evident that the finding of the grand jury was upon a law which had been repealed, I think that judgment must be arrested.

The act of June 20, 1878, is a penal statute, and must be construed strictly, and it cannot be held to be a part of the Revised Statutes, title "Pensions," so as to found the judgment in this case upon it.