## W. S. FARRIS v. THE STATE.

1. CRIMINAL LAW. *Obstructing officer. Civil process. Indictment.* Indictment need not aver jurisdiction of justice if execution be set out, and is regular upon its face and for an amount within jurisdiction of justice.

2. SAME. *What necessary to make offense.* The offense consists in an obstruction or resistance at time of service or execution of process, and a subsequent rescue of property levied upon is not sufficient.

3. SAME. *Trespass. Violence.* Mere trespass upon property after levy, without violence, is no offense.

4. OBSTRUCTING OFFICER. *Criminal process. ·Rescue. Arrest.* The rescue of a prisoner after arrest is a different offense from obstructing or resisting an officer in making an arrest.

---

### FROM FRANKLIN.

---

Appeal in error from the Circuit Court of Franklin county. J. J. WILLIAMS, J.

ALBERT D. MARKS for Farris.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted in the circuit court of Franklin county, for "knowingly and wilfully opposing and resisting an officer of the State, to-wit, R. F. Oakley, sheriff of said county, in serving and attempting to. serve and execute a legal writ and process, to-wit, an execution," setting it out with its endorsements. The defendant, under the charge of the court,

was convicted, and from the judgment has appealed. in error to this court.

The facts are, that an execution, regular on its face, came to the hands of the sheriff, issued by a justice of the peace, in favor of the Mansfield Machine Works, against one Leach, which was, by the sheriff, levied on a lot of lumber, the levy being one-fourth of the same, that being the individual share of said Leach. The defendant claimed to be part owner of the lot of lumber jointly with the defendant in the execution. The lumber, when levied, was not removed, but placed under the general supervision of the deputy of the sheriff, who lived hard by, a half mile from it, the lumber being stacked in what is called in the record, the "Carroll Taylor Hollow."

There was no resistance to this levy, nor does it appear that defendant knew of the levy until several days after it had been made. However, several days after the levy, defendant loaded his wagon with seven hundred feet of it, there being about 40,000 feet in all, and started with this load to Tullahoma. He had gone about a mile and a half, as far as a little village, when the 'sheriff and his deputy met him and his wagon. The sheriff told him he had levied on the lumber and had the execution with him, and that he could not go on. The defendant insisted he would, when the sheriff and his deputy rode in front of the mules and stopped them. Defendant got on the wagon, took the lines from the driver and attempted to drive on, as the sheriff says, over him and deputy, but they, with a piece of plank, prevented the mules from going

forward. The defendant then sat down on the lumber and the sheriff and deputy proceeded to pull the planks from under him, until the wagon was unloaded. The defendant had previously offered to let them take one-fourth of the lumber, that being Leach's share.

The first objection presented by counsel is, that the indictment should have shown the amount of the execution or judgment, and aver the jurisdiction of the justice. We do not think there is any thing in this. The execution being regular on its face, and for an amount within the jurisdiction of the justice, the in-dictment was sufficient. The section of the Code under which the indictment is found is, "any person who knowingly and wilfully opposes or resists an officer of the State, or other authorized person, in serving or attempting to serve, or execute any legal writ or pro-cess, shall be guilty of a misdemeanor." The court charged that if the officer had levied on the lumber and left it in the possession of his deputy as special bailee, then the defendant would not have the right to recover the lumber, if he knew that it was so levied on and placed in the possession of such bailee, and if he did this knowingly and wilfully, that he would be opposing or resisting the officer in contem-plation of law, and this even if in fact the lumber did not belong to the one for whose debt it was levied on.

This charge makes the party guilty of resisting an officer, by simply removing the property levied on with knowledge of the fact, whether the officer was present or not. That is, knowingly and wilfully com-

mitting a trespass on property levied on by an officer with knowledge of such levy, is resisting an officer in "serving or attempting to serve or execute process." This is not what was intended to be prohibited by the statute. It is resistance or obstruction of an officer in serving or attempting to execute or serve the process, so as to prevent his obtaining the possession of the property sought (when it is an execution as in this case.) It belongs to the same class of offenses as resistance to the arrest of a prisoner against whom an officer has a capias. After the writ has been served or executed, the officer in possession of his prisoner, there may be a rescue, which is indictable, both by common law and statute, but this is not resistance to the execution of the process: See Code, sec. 4772.

There must be forcible resistance to the execution or service of the process, not a trespass on the property alone after it is executed. A mere trespass without violence would not be indictable: 3 Chitty Crim. Law, 204.

In the case of *Mayor* v. *Omber*, 22 Ga., 67, "the defendant broke into a pound and rescued an animal put there by the city marshal, under authority of a city ordinance." The Supreme Court held the breach of the pound was no resistance or opposition to the officer in the execution of the ordinance.

For the error indicated the judgment must be reversed and case remanded for a new trial.