sion of the alleged offence, the sale of liquors was absolutely and entirely forbidden by a local option law for said county under which an election had been held in 1881 and 1890, and under a special law forbidding the sale thereof in said county, passed in 1889, neither of which laws had been repealed on the day on which it was alleged in said bill of indictment that the offence was committed. For the questions made by the motion for a new trial, see the report of the *Crabb* case, *ante*.

BLANCE & NOYES and FRANK H. PLATT, for plaintiff in error.

A. RICHARDSON, solicitor-general, *contra*.

---

## KNIGHT *v*. THE STATE.

This case is controlled by *Crabb* v. *The State*, decided this term.

February 1, 1892.                    *Judgment affirmed.*

Before Judge JANES. Polk superior court. February term, 1891.

F. H. PLATT and BLANCE & NOYES, for plaintiff in error.

A. RICHARDSON, solicitor-general, *contra*.

---

## PARR *v*. ROBINSON, constable.

1. On the trial of a traverse of a constable's answer to a rule for money, a verdict upholding the answer is not contrary to law, equity and evidence, or without evidence to support it, when none of the evidence produced by either party is inconsistent with the answer.
2. It not appearing that the superior court made any ruling, or was required to make any, upon the sufficiency of the constable's answer, taking it as true, this court cannot adjudicate that question.                    *Judgment affirmed.*

February 1, 1892.

Rule against constable. Practice. Before Judge HARRIS. Carroll superior court. April term, 1891.