STATE, Respondent, v. JOHNSON et al., Appellants.

(149 N. W. 730.)

1. **Criminal Law—Information—Motion to Quash—Transmission of Evidence on Preliminary Examination.**

Failure of a justice of the peace to transmit to circuit court the evidence on a preliminary examination, as required by Code Cr. Proc., Sec. 158, held, not to invalidate the examination, such duty being one to be performed after such examination is completed, and such failure is not ground for a motion to quash the information in circuit court.

2. **Same—Preliminary Examination—Indorsement of Order on Information—Docket Entry, Necessity for—Quashing Information.**

Where a preliminary examination of accused was regular and complete, and every substantial advantage contemplated by law had been afforded them, the examination will not be held void, nor an information thereafter filed quashed, because of failure of the justice to indorse the proper order on the information, or to make the proper entry in his docket on holding accused to answer for the crime and committing them to custody.

3. **Same—Information—Variance From Preliminary Complaint—Demurrer as Remedy.**

The question of variance between the information and the complaint filed before justice on preliminary examination, cannot be raised by demurrer to the information, since the demurrer goes no further than to question sufficiency of facts alleged in the information demurred to.

4. **Criminal Law—Appeal—Review—Demurrer for Two Offenses Alleged—Insufficient Assignment of Error.**

A ground of demurrer, that the information alleged more than one offense, was not preserved by an assignment of error that the information did not state facts sufficient to advise a person of ordinary understanding with what offense defendants were charged, in that the allegation was indefinite.

5. **Same—Information—Different Offenses—Embracing Language of One Statute, Facts Under Another—Sufficiency.**

Although an information stated that accused committed "the crime of willfully delaying and obstructing a public officer in

the discharge of the duties of his office," practically in the language of Pen. Code, Sec. 187, yet, where it further alleges that such acts were "committed as follows, to-wit," and then alleges specific facts, and acts of accused which bring the charge substantially within the provisions of Pen. Code, Sec. 142, which prohibits the willfully taking from custody of an officer or person of any personal property which such officer or person has in charge under any process of law, held, that the acts constituting the offense having been specifically alleged, the information was not objectionable, as alleging two distinct offenses, since, under Code Cr. Proc., Sec. 409, authorizing jury to find defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, a conviction under either section might be had, in accordance with the proof.

6. **Criminal Law—Trial—Instructions—Quoting, or Referring to Statute, Necessity For.**

Where the acts necessary to constitute the crime charged were clearly specified in the court's charge, it was not necessary to quote to the jury, or to call their attention to, the statute defining the offense charged in the information.

7. **Same—Obstructing Justice—Taking Property From Officer—Physical Re-taking of—Necessity of Resort to Legal Process—Instruction—Execution as "Process."**

Under Pen. Code, Sec. 142, prohibiting the willful taking or attempting to take, etc., from custody of an officer or person, any personal property which such officer or person has in charge under process of law, and making such act a misdemeanor, held, that a person, regardless of his ownership or claim to the property levied on and in charge of an officer, may not lawfully re-take the property, even though he may do so without breach of the peace, but must assert his claim by legal proceedings; and an instruction to that effect is proper. Held, further, that the execution levied under was "process of law."

8. **Same—Obstructing Justice—Good Faith in Making Levy, Force in Re-taking, Immateriality of—Instruction.**

Where, in a prosecution for obstructing justice in taking property from an officer holding it under an execution levy, the resistance of the officer in making the levy was not in issue, held, that the trial court properly refused to charge that the officer must have made the levy in good faith, believing the property to belong to the execution debtor, and that some element of force, or compulsion, must have accompanied the taking to make a criminal offense.

9.  Same—Obstructing Justice—Taking Property From Officer—
    "Dominion" of Officer in Possession—Force, Necessity of.

    Where a sheriff levied on an interest in grain in a stack,
    requested a tenant of the land and grain to keep the grain,
    and took from him a receipt as custodian, and on its being
    threshed, separated the grain, and defendants, while the offi-
    cer was attempting to remove it under the levy, on a loaded
    wagon, seized and carried it away against the officer's will,
    knowing that he had made the levy, held, that the grain levied
    on was in the "dominion" of the officer at time of defendant's
    seizure of it, so as to establish the offense of taking property
    in charge of an officer under process of law, in violation of
    Pen. Code, Sec. 142.  Held, further, that force or threats were
    not elements of the offense.

10. Criminal Law—Instructions—Law from Court, Regardless of
    Jury's Belief—"Coercion" of Jury.

    An instruction that the jury must receive the law as stated
    to them by the court, though they might firmly believe the
    court was wrong, and that the law was or should be other-
    wise, involved no coercion beyond a requirement that the jury
    perform their plain duty, and correctly stated the law.

                    (Opinion filed December 14, 1914.)

    Appeal from Circuit Court, Spink County.   Hon. FRANK
MCNULTY, Judge.

    The defendants, Charlotte Johnson and another, were con-
victed of taking personal property from the custody of an of-
ficer having possession thereof under an execution, and they ap-
peal.   Affirmed.

    O. S. Hagen, and A. W. Wilmarth, for Appellants.

    Royal C. Johnson, Attorney General, M. Harry O'Brien, As-
sistant Attorney General, and Roy T. Bull, State's Attorney, for
Respondent.

    (1) Under point one of the opinion, Appellant cited:  Code
Civ. Proc., Secs. 140, 146, 518.

    Respondent cited:   State v. Wiggins, 50 La. Ann. 330, 23
So. 334; State v. Allen, 37 La. Ann. 685.

    (2) Under point two of the opinion, Appellants cited:  Code
Cv. Proc., Sec. 146.

    Respondent cited:  State v. Rozum, 80 N. W. 477, 8 N. D.
548; State v. Crook, 16 Wash. 212, 51 Pac. 1091; State v. Clark,
(Idaho) 35 Pac. 710; Peo. v. Wallace, (Cal.) 29 Pac. 950; Peo.
v. Tarbox, (Cal.) 46 Pac. 896.

(5) Under point five of the opinion, Appellants cited: People v. Mulkey, 65 Calif. 501, 4 Pac. 507; Corey v. State, 43 Tex. 414; Bacchus v. State. 18 Tex. App. 15; State v. Metsch, 37 Kan. 222, 15 Pac. 251; Hix v. People, 157 Ill. 382, 41 N. E. 862; Pen. Code, Secs. 187, 142.

Respondent cited: State v. Rozum, 8 N. D. 548, 80 N. W. 477; Trimble v. Ter'y., 15 Okla. 620, 86 Pac. 64.

(6) Under point six of the opinion, Appellants cited: Vol. 12, Cyc., page 614; State v. McCaskey, 104 Mo. 644, 16 S. W. 511; State v. Tulford, 124 N. C. 798, 32 S. E. 377; Territory v. Bach, (N. M.) 71 Pac. 640.

(7) Under point seven of the opinion, Appellants cited: Freeman on Executions, 2nd Ed., Sec. 254, p. 801; Allen v. McCalla, 25 Ia. 464, see p. 487; Van Pelt v. Littler et al., 14 Calif. 194; Powell v. McKichnie, 3 Dak. 319; Jones Lumber & Mercantile Co. v. Farris, 6 S. D. 112; McLaughlin v. Alexander, 2 S. D. 226; Auby v. Rathburn, 11 S. D. 474; Pen. Code, Sec. 142; Vol. 17, Cyc. 942; Dickson v. Nicholl, 39 Ill. 372, 89 Am. Dec. 312.

Respondent cited: State v. Cassiday, 4 S. D. 58, 54 N. W. 928; Code Civ. Proc., Sec. 343; 29 Cyc. 1330, and cases cited in notes; State v. Richardson, 38 N. H. 208, and extended note following this case in 75 A. D. 173; People v. Hall, 31 Hun (N. Y.) 404; State v. Downer, 8 Vt. 424, 30 Am. Dec. 482; Witherspoon v. State, 42 Tex. Crim. 532, 61 S. W. 396, 96 Am. St. Rep. 812.

[8] Under point eight of the opinion, Appellants cited: McClenny v. Inverarity, 80 Kan. 569, 24 L. R. A. (N. S.) 301; Farris v. State, 3rd Ohio St. 159.

Respondent cited: State v. Cassidy, 4 S. D. 58; State v. Devitt, 107 Mo. 573, 17 S. W. 900, 28 Am. St. Rep. 440; Savacool v. Boughton, 5 Wend. 170, and note in 21 A. D. 181; 29 Cyc. 1328; Appling v. State, (Ark.) 128 S. W. 866, 28 L. R. A. (N. S.) 548; State v. Weed, 21 N. H. 262.

[9] Under point nine of the opinion, Appellants cited: People v. Clements, 68 Mich. 655, 36 N. W. 792; Smith v. People, 99 Ill. 445; State v. Welsh, 37 Wis. 196; Commonwealth v. Kennard, 8 Pick. (Mass.) 133.

(10) Under point ten of the opinion, Respondent cited:

Sec. 354, Criminal Procedure; State v. Calkins, 21 S. D. 24;
State v. Church, 6 S. D. 89; State v. Boughner, 5 S. D. 461;
Ter'y. v. Keyes, 5 Dak. 244, 38 N. W. 440; Brickwood Sackett
Instructions, Secs. 401-2; People v. Worden, 113 Cal. 569, 45
Pac. 844; Brickwood Sackett Instructions, Sec. 2620.

SMITH, P. J.    The defendants were convicted upon an in-
formation charging:

"That heretofore, to-wit, on or about the 24th day of Sep-
tember, 1913, at the county of Spink and state of South Dakota,
Oscar Johnson and Charlotte Johnson of said county and state,
did commit the crime of willfully delaying and obstructing a pub-
lic officer in the discharge of the duties of his office, committed as
follows, to-wit: That at said time and place said Oscar Johnson
and said Charlottee Johnson did willfully and unlawfully obstruct
one Earl Lower, a duly appointed, qualified, and acting deputy
sheriff of the county of Spink and state of South Dakota, from
taking possession of and removing certain grain upon which the
sheriff of said Spink county had previously levied under and by
virtue of a certain execution issued out of the circuit court of
Spink county, S. D., by the clerk of said circuit court, which ex-
ecution was dated the 8th day of August, 1913, and in an action
in said circuit court wherein one N. H. Campbell was the plain-
tiff and one Bengt Johnson was defendant, and under which ex-
ecution said sheriff, to-wit, on the 11th day of August, 1913, had
levied on some grain and taken the same into his possession, said
Earl Lower then acting for and on behalf of the said sheriff,
which fact the said Oscar Johnson and Charlotte Johnson then
knew, and the said Oscar Johnson and said Charlotte Johnson,
then and there knowing that said grain had been levied upon by
the sheriff of Spink county, and that said Earl Lower was acting
for and on behalf of said sheriff, willfully and unlawfully seize,
take possession of, and carry away said grain notwithstanding
such levy, by overcoming the resistance of said Earl Lower as
deputy sheriff as aforesaid, contrary to the form of the statute,"
etc.

Before trial, defendants moved to quash the information on
ten separate grounds: First. That there was no preliminary hear-
ing upon which to base the information.    Second. That the
magistrate failed to reduce the testimony of witnesses to writing

in the form of depositions, as demanded by defendants. Third. That the testimony was not signed or subscribed by the witnesses. Fourth. That the testimony was not properly sealed up, certified, or properly transmitted to the clerk of the courts by the magistrate. The fifth and sixth grounds are in effect a restatement of the preceding grounds. Seventh. That it does not appear from the transcript of the magistrate's record that a public offense had been committed by the defendants, or either of them. Eighth. It does not appear from the transcript that the offense charged in the information was committed by the defendants ,or either of them. Ninth. That it does not appear from said transcript that sufficient cause was found to believe the defendannts guilty of the offense charged. Tenth. That there was no indorsement by the magistrate, on the complaint or information upon which said preliminary hearing was had, of an order to the effect that the offense charged therein had been committed, and that there is sufficient cause to believe the defendants guilty thereof, and that they be held to answer as provided by the Code of Criminal Procedure. The motion was overruled, and appellants assign error.

[1] The record conclusively shows that a preliminary examination was had before one P. L. Alexander, a justice of the peace of Spink county; that appellants demanded that the testimony be taken in shorthand, and that it was so taken and certified by a stenographer. The requirement (Code Crim. Proc. § 158) that the justice transmit the evidence to the circuit court is a duty to be performed after the preliminary examination is completed, and a failure of the justice to perform that duty does not render the prior proceedings void, and is not a ground for quashing the information filed in circuit court. Whatever the effect of the failure of the justice to indorse the proper order on the information or to make the proper entry in his docket, when the accused is held to answer the crime charged and is committed to custody, might be in a habeas corpus proceeding we need not determine.

[2] But no mere irregularity in or omission to make such order can render the preliminary examination itself void. In this case, a written accusation was filed before the justice; the accused had his counsel present, and was accorded all his statutory rights, as shown by the trannscript of the justice's docket. The

state's witnesses were sworn and examined in his presence. The preliminary examination itself was regular and complete. The proceedings had afforded the accused every substantial advantage contemplated by the law, and his legal rights have not, in any degree, been prejudiced by the irregularities complained of. The statute does not make such irregularities a ground for quashing the information filed in the circuit court. The statute does not require that an order be made holding the accused to answer, before an information shall be filed, but only that a preliminary examination shall be had. Code. Cr. Proc. § 211. The trial court did not err in denying the motion to quash the information.

[3] The defendants also filed a demurrer to the information on the grounds. First, that it does not state facts sufficient to advise a person of ordinary understanding of the nature of the offense charged; second, that more than one offense is charged in the information; third, that a different offense was charged in the information from that charged in the complaint at the preliminary hearing before the magistrate. The information clearly alleges facts which constitute a criminal offense. The question of a variance between the information and the complaint at the preliminary hearing cannot be raised by demurrer. A demurrer goes no further than to question the sufficiency of the facts alleged in the information demurred to. The second ground of demurrer will be referred to later.

The assignments of error extend over 25 pages of the printed record, and an attempt to review them separately is wholly impracticable. For this reason we shall only consider the questions which we deem vital to a determination of appellants' legal rights.

Appellants' main contention is that the information charges a violation of section 187 of the Penal Code, while the evidence shows that the conviction must have been under section 142 of the Penal Code. Section 142 is as follows:

"Every person who willfully injures or destroys, takes or attempts to take, or assists any other person in taking or attempting to take from the custody of any officer or person, any personal property which such officer or person has in charge under any process of law, is guilty of a misdemeanor."

Section 187, Penal Code:

"Every person who willfully delays or obstructs any public

officer in the discharge or attempt to discharge any duty of his office, is guilty of misdemeanor."

[4] The second ground of demurrer is "that the information alleges and charges more than one offense." This particular ground of demurrer is not specified in the assignments of error, and is not preserved by the assignment "that the information does not state sufficient facts to advise a person of ordinary understanding with what offense he is charged; the allegation in the information being indefinite."

[5] It is true, the information states that appellants "did commit the crime of willfully delaying and obstructing a public officer in the discharge of the duties of his office," practically in the language of section 187 of the Penal Code, yet the information further alleges that this crime was "committed as follows, to-wit," and states, in substance, that on the 11th day of August, 1913, the sheriff of Spink county levied upon and took into his possession certain grain in stack and in the field, under and execution issued out of the circuit court of Spink county upon a judgment in an action wherein one Campbell was plaintiff and one Bengt Johnson was defendant, and that the defendants then and there, knowing that said grain had been thus levied upon by the sheriff, did willfully and unlawfully seize, take possession of, and carry away said grain by overcoming the resistance of said sheriff, etc. These allegations of acts and facts clearly bring the crime alleged within the provisions of section 142, in that it charges appellants with taking from the custody of the sheriff personal property which he then had in charge, under process of law. The accused were called upon to answer to a charge of having willfully done certain wrongful acts specified in the information, and we are not able to see how they could have been misled to their prejudice by any other statement or conclusion of the pleader. The acts and facts charged were clear and specific, and not indefinite, and it was not, as contended by appellants' counsel, absolutely uncertain and impossible to determine with what offense, if any, the defendants were charged. The evidence in the record tends to show that the sheriff, claiming to be in possession thereof under an execution, was attempting to remove certain grain then being threshed, and theretofore levied upon while in the stack, and which had remained in his possession at

all times since said levy. In removing such grain, the sheriff was in the performance of an official duty, and if appellants by their acts willfully obstructed his attempt to discharge that duty, they were guilty of an offense under section 187, Penal Code; and if by the same acts, they took from the custody of the sheriff property which he had in his charge under process of law, they were equally guilty of a violation of section 142 of the Penal Code.

Section 409, Code of Criminal Procedure, provides:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense."

The rule is stated in 22 Cyc. 334, as follows:

"It makes no difference under what particular section of a statute the indictment may have been drawn, nor are the infirmities of such section or of the indictment thereunder material, providing the indictment be good under some other section of the statute which is valid. The fact that the circumstances under which a particular offense is committed rendered it punishable under a statute applicable to another offense does not render it necessary to charge the crime as committed under such statute (citing State v. Vandenburg, 159 Mo. 230, 60 S. W. 79; People v. Campbell, 127 Cal. 278, 59 Pac. 593). * * * An indictment for an offense created by a general statute need not state specifically, by particular reference thereto, the statute violated by the acts alleged to be a crime" (citing Knight v. State, 88 Ga. 590, 15 S. E. 457; Crabb v. State, 88 Ga. 584, 15 S. E. 455; State v. Allen, 32 Iowa, 248; Powers v. Commonwealth, 90 Ky. 167, 13 S. W. 450; Rawlings v. State, 2 Md. 201; Commonwealth v. Donovan, 170 Mass. 228, 49 N. E. 104; Commonwealth v. Hoye, 11 Gray [Mass.] 462; State v. Wallace, 94 N. C. 827; State v. Cobb, 18 N. C. 115; State v. Flanagan, 25 R. I. 369, 55 Atl. 876; United States v. Goodwin [C. C.] 20 Fed. 237).

[6] Appellants allege error in that the trial court failed to quote to the jury or to call to their attention the statute defining the offense charged in the information. The court did instruct the jury that if they believed from the evidence beyond a reason-

able doubt that the defendants, or either of them, "willfully took, or assisted any other person in taking or attempting to take, from the custody of the deputy sheriff of this county, any personal property which such deputy sheriff had in his charge under a process of law, then it would be your duty as jurors in this case to find a verdict of guilty," etc.  The *acts* necessary to constitute the crime were thus clearly specified by the court in its charge to the jury, and it was unnecessary to read the statute, or otherwise call attention to its provisions.

We are not called upon, in this case, to determine the conditions under which a person may or may not lawfully *resist an attempted levy* of execution on personal property.  That subject is discussed in State v. Richardson, 38 N. H. 208, 75 Am. Dec. 173; State v. Downer, 8 Vt. 424, 30 Am. Dec. 482.

[7] In some states, it has been held that where an officer has taken property into his possession under execution, a subsequent rescue thereof is not resistance to execution of process. Rome v. Omburg, 22 Ga. 67; Farris v. State, 14 Lea (Tenn.) 295; State v. Welch, 37 Wis. 196.  But section 142, Penal Code, clearly forbids any person taking or attempting to take from an officer "any personal property which such officer or person *has in charge under any process of law.*"  The trial court correctly instructed the jury that "the execution issued out of this court by the clerk thereof is a process of law," and that "in this state the owner of personal property, levied on by an officer holding an execution against another party, cannot rightfully take it from the custody and charge of said officer, even though he may do so without a breach of the peace.    *  *  *    He must assert his title to such property by legal proceedings."

The court further correctly instructed the jury, in substance, that when personal property is in charge or possession of an officer or person, under any process of law, the question of title to the property is immaterial in a criminal prosecution for taking it from the custody of the officer.  In such case, no person, not even the owner, is permitted to take his property from the custody of an officer, except by legal process.

[8] Appellants also requested certain instructions, and offered certain evidence to the effect that the officer must have made the levy of the execution in good faith, believing the property levied

upon to be the property of the execution debtor, and that some element of force or compulsion must have accompanied the taking to make a criminal offense—all of which were refused by the trial court. Neither good faith on the part of the officer in making the levy, nor force in taking from his custody property in his charge under process of law, is material, under section 142, Code Criminal Procedure, if the process under which the property is held is valid upon its face, and the accused has knowledge that the property is in custody of the officer, under such process. Forcible *resistance* to an attempted levy on property of one not the execution debtor might present a different question. But resistance to the *making of the levy is not charged in this case,* and that question need not be considered. The trial court, therefore, did not err in rejecting the proposed instructions and evidence.

[9] Appellants further contend that no "dominion" was taken over the property by the sheriff, at the time of the alleged levy on August 11, 1913, and consequently the grain was not in the custody of the sheriff. The evidence, which is practically undisputed, shows: "That Ackles was in possession of the land and grain as tenant; that the sheriff went to the farm where Ackles lived, had a conversation with him about the grain, showed him the execution, and gave him a formal written notice of levy; had a talk about threshing the grain; was not near enough to the stacks to put his hand on them; only levied on the undivided interest of Bengt Johnson; asked Ackles to keep the wheat, and when threshed deliver it to him at Crandon elevator. Ackles said he did not want to haul the grain or get mixed in the affair. The sheriff then wrote a receipt dated August 11, 1914, in substantially the following form, and Ackles signed it:

"I have this day received of G. W. Hurst, sheriff in and for Spink county, nine stacks of wheat levied upon by said sheriff in the case of M. H. Campbell against Bengt Johnson, which I hereby agree to keep in my possession and to notify said sheriff at the time of threshing."

That about September 19th Ackles wrote a letter to the sheriff notifying him that the grain would be threshed on September 24th. That a deputy sheriff, having the execution and custodian's receipt, went to the stacks where the grain was being threshed and divided with the tenant Ackles; asked the man

on the load, which was admitted to be Johnson's share, to haul it to the south of Ackles bin, which he did; asked him to haul it to town, but he refused, and unhitched his team from the load; the defendants then drove their own team up and, though the sheriff tried to prevent it, hitched onto the load and drove away with it. The condition of the grain in stack at the time of the levy required no further act on the part of the sheriff than placing it in possession of a custodian. The possession of Ackles under the written receipt given to the sheriff at the time of the levy made Ackles legal custodian, under the levy, and the defendants clearly violated the statute in removing the grain against the will of the officer, who was at the time attempting to exercise his authority under the levy. Defendants, when they took the property, knew of the levy, but insisted that the grain belonged to Charlotte Johnson and not to Bengt Johnson, the execution debtor. The facts disclosed by the record bring this case squarely within the rule announced in State v. Cassidy, 4 S. D. 58, 54 N. W. 928:

"It was evidently the intent of the Legislature to require all parties who might claim title to personal property levied on by the sheriff or other proper officer to assert such title by legal proceedings in the courts."

We adhere to this view. It follows, also, that force, threats, or violence are not elements of the offense, and appellants could not predicate a defense upon their absence in the taking of the property from the custody of the officer.

[10] Appellants complain that the trial court erred to their prejudice in giving this instruction:

"The court instructs the jury that you must receive the law as I state it to be, notwithstanding you may firmly believe I am wrong, and that the law is or should be otherwise."

Counsel contend that this amounts to coercion, and did not leave the jury free to consider the case impartially, upon the merits. Doubtless jurors are sometimes prone to accept rules of law or justice asserted by counsel as most favorable to their clients. In such cases the trial court may feel constrained to correct any such tendency by itself assuming responsibility for the correctness of the rules of law given them by the court for their guidance. The instruction states the law correctly, and involves no

coercion beyond a requirement that the jury perform their plain duty as jurors. No legal rights of appellants could be prejudiced thereby.

We have carefully examined the entire record and find no reversible error. The judgment and order of the trial court are therefore affirmed.