TEESDALE, Appellant, v. LEIBSCHWAGER, et al., Respondent.

(182 N. W. 314.)

(File No. 4758.    Opinion filed March 25, 1921.    Rehearing denied May 11, 1921.)

1.  **Malicious Prosecution—Wrongful Prosecution of Civil Action Without Arrest, Action for Damages Re, Whether Maintainable.**

    A party may maintain an action for damages for malicious prosecution, for prosecution of a civil action where there was no arrest for detention of the person; as held on former appeal of this case (42 S. D. 323, 174 N. W. 620.)

2.  **Same—Action Constituting Basis of Malicious Prosecution, Termination of As Answer to Suit For Damages.**

    One of the essential elements of a cause of action for malicious prosecution (with exceptions not applicable here) is, that the action or proceeding constituting basis of malicious prosecution has been legally determined upon its merits in plaintiff's favor; and where, as here, that element is lacking, plaintiff was not entitled to relief, and verdict was properly directed for defendants.

        Smith, J., concurring in the result.

Appeal from Circuit Court, Davison County.    Hon. Frank B. Smith, Judge.

Action by George Teesdale, against William Liebschwager and others, to recover damages for alleged malicious prosecution.

From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*P. C. Hvistendahl,* for Appellant.

*H. G. Giddings* and *W. W. Reams,* for Respondent.

POLLEY, P. J.   In this action plaintiff seeks to recover damages for alleged malicious prosecution.   The said malicious prosecution consisted of a civil action brought by the defendant Liebschwager, against the plaintiff in this action and his son, L. J. Teesdale, alleging them to be copartners.   That action was brought to recover damages for the loss of certain hogs, alleged to have been sold by the said copartnership to the defendants in this action, William Liebschwager, Frank Baker, and C. L. Althen.   It was claimed in that action that the hogs had cholera when sold, or had been exposed to the cholera before the sale, and thereafter died from the effects of said disease; and that said diseased hogs also communicated said disease to other hogs owned by the said parties.

It is claimed in that action, and it is claimed by plaintiff in this action, that the transaction involving the sale of said hogs was with L. J. Teesdale alone, and that the plaintiff in this action, George Teesdale, was in no wise connected with that transaction.

In order that their claims might all be prosecuted in one action, the defendants Baker and Althen, prior to the commencement of the action, assigned their claims to Liebschwager, who joined their claims as separate causes of action with his own.

The defendants answered separately, George Teesdale, who is plaintiff in this action, answered by general denial only.   On the 18th day of December, 1918, L. J. Teesdale paid to plaintiff's attorneys the sum of $1,500.   Plaintiff in this action paid no part of said sum of money, and, so far as appears from the record, never admitted any liability in that case, nor that he was in partnership with L. J. Teesdale at the time the hogs were sold, nor that he was in any way interested in that transaction.

It is claimed by defendants that the said sum of $1,500 was paid to and accepted by them in full settlement of the damages claimed in their suit, but the case was never tried nor dismissed, and, so far as anything appears in this record, is still pending in the circuit court in Davison county.

This case was tried to a jury, but at the close of the testimony the trial court directed a verdict for defendants on the ground, among others, that the "action . constituting the basis of the alleged malicious prosecution is still pending." Judgment for costs against plaintiff, and from said judgment and an order denying his motion for a new trial plaintiff appeals.

[1, 2] That a party may maintain an action for damages as for malicious prosecution, for the prosecution of a civil action where there was no arrest, nor detention of the person, was settled by this court on a former appeal of this case found in 174 N. W. at page 620. See, also, 26 Cyc. 12. But one of the essential elements of a cause of action for malicious prosecution is, with certain exceptions not applicable to this case, that the action or proceeding constituting the basis of the malicious prosecution . has been legally terminated upon its merits in plaintiff's favor. 26 Cyc. 55. This element is wholly lacking in this case. Therefore plaintiff was not entitled to any relief, and the trial court was fully warranted in directing a verdict for defendants.

The judgment and order appealed from are affirmed.

SMITH, J., concurs in result.