GUBELE, Appellant, v. NIES, Respondent.

(251 N. W. 891.)

(File No. 7602. Opinion filed December 19, 1933.)

*Miller & Miller,* of Kennebec, for Appellant.

*M. L. Parish,* of Murdo, and *Martens & Goldsmith,* of Pierre, for Respondent.

CAMPBELL, J. On May 4, 1931, C. W. Nies, defendant and respondent here, swore to a complaint and caused the arrest of Emil H. Gubele, plaintiff and appellant here, upon a criminal charge. Gubele was apprehended by the sheriff, taken before a justice of the peace, and demanded a preliminary examination. A time therefor was fixed and the state introduced the sworn testimony of six witnesses. The defendant offered no testimony but was discharged, the entry in the docket of the justice in this regard being as follows, "Whereupon the case was dismissed and the defendant ordered released from arrest." The justice failed, at the time of releasing the defendant, to indorse upon the back of the preliminary complaint, as directed by section 4579, Rev. Code 1919, the words "There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged." It is conceded upon the oral argument before this court that such omission was negligent only and that the justice

would have made such indorsement at the time he made the docket entry above quoted had the matter been called to his attention.

Subsequently, Gubele, defendant in the criminal proceeding, instituted the present action as plaintiff against Nies, complainant in the criminal proceeding, as defendant, for malicious prosecution. Answer was interposed and trial was had to a jury who returned a verdict in favor of plaintiff for $315 actual damage and $75 exemplary damage. Thereafter, on motion of defendant, the trial judge rendered judgment for defendant n. o. v. solely and entirely upon the ground that: " * * * The evidence offered by the plaintiff does not show legal determination of the criminal action upon which this action for malicious prosecution is based, in that the Justice before whom the preliminary hearing in the criminal action was held did not comply with section 4579 of the Revised Code, and that there was not a legal determination of said criminal action under said section. * * * "

From the entry of judgment n. o. v. in favor of defendant, plaintiff has now appealed.

This appeal presents the single question of whether or not strict compliance by a justice of the peace with the hereinbefore mentioned provision of section 4579, Rev. Code 1919, is an absolute prerequisite to the maintenance of an action for malicious prosecution in a case where, in fact, the defendant in the criminal proceeding is discharged by the justice of the peace at the conclusion of the testimony upon preliminary examination. In other words, is the proof of such indorsement by the justice of the peace the only possible or conceivable method whereby, under such circumstances, the plaintiff in the malicious prosecution action can show that essential element of his case which was stated by this court (Just v. Martin Bros Co. [1916] 37 S. D. 470, 159 N. W. 44) as being the bona fide termination of the criminal proceeding in favor of the malicious prosecution plaintiff. Respondent cites and relies upon Schaefer v. Cremer (1905) 19 S. D. 656, 104 N. W. 468; Just v. Martin Bros. Co., supra; Baumgarten v. Mathieu (1917) 39 S. D. 548, 165 N. W. 989; Teesdale v. Liebschwager (1921) 44 S.D. 58, 182 N.W. 314; Rhoads v. First Nat. Bk. (1917) 37 N.D. 421, 163 N.W. 1046; and Tredway v. Birks (1932) 59 S. D. 649, 242 N. W. 590. Every one of the cases cited is readily distinguishable upon the facts from the instant case and none of

them go or purport to go to the extent that would be necessary to sustain the contention of respondent herein. The statute requires the justice to make proper indorsement upon the preliminary information, not only in case the criminal defendant is discharged, but also in case he is held to answer. The making of this indorsement is not per se the effective action of the justice of the peace but merely a monument or evidence thereof. See State v. Johnson (1914) 34 S. D. 601, 149 N. W. 730; State v. Smith (1924) 47 S. D. 216, 197 N. W. 231; State v. Anderson (1932) 60 S. D. 187, 244 N. W. 119. It will readily be conceded, as suggested by respondent, that an action for malicious prosecution is no favorite of the law. Nevertheless, we can hardly say that the bona fide termination of a criminal proceeding in favor of the accused, which is final and complete for every other known purpose, is insufficient for the purposes of an action for malicious prosecution solely and entirely because of omission to make the statutory indorsement of discharge on the preliminary information. The rights of the parties in this regard are dependent upon the existing facts and cannot be altered merely by the justice's failure to perpetuate the evidence of such facts in the manner provided by the statute.

The judgment appealed from is reversed with directions to enter judgment upon the verdict of the jury.

All the Judges concur.