Grafton,
April 4, 1944. } No. 3471.

STATE *v.* WILLIAMS S. MOORE.

170

*Hazen K. Sturtevant,* County Solicitor, for the State, furnished no brief.

*Joseph Moore* (by brief and orally), for the defendant.

MARBLE, C. J.   In the case of *State* v. *Barrett,* 42 N. H. 466, 470, it is stated in broad terms that an indictment which is bad on demur-

rcr must be held insufficient on motion in arrest of judgment. Although a motion of this kind can be based only on matters of record, "the motion is not confined to the indictment alone" but "obtains if any part of the record is imperfect, repugnant, or vicious." 3 Wharton, Crim. Pro. (10th *ed.*), *s.* 1692. Thus, judgment will be arrested if the indictment does not charge an offense or if it contains allegations which make it evident that the grand jury in finding the indictment acted upon a law which had been repealed. *United States* v. *Goodwin*, 20 F. 237, 240. See Am. Law Inst., Code of Criminal Procedure, *s.* 369.

The complaint under consideration charges the defendant with the violation of traffic regulations promulgated and posted by the Highway Commissioner in accordance with the provisions of section 1 of chapter 117 of the Laws of 1935. At the beginning of the trial the Solicitor offered in evidence the record of the posting of those regulations in 1936 but withdrew the offer when the defendant objected to the introduction of the record on the ground that "that law" had "been repealed." The Solicitor then stated that he would confine his "activities" to the sign "now existing." He then introduced the record of the posting on November 26, 1941, of the document proclaiming the erection of a stop sign in accordance with the provisions of the act of 1941 and specifying the traffic regulations applicable thereto. The defendant excepted to the intrcduction of this record on the ground that it was "at variance with the complaint."

The act of 1935 was amended by the act of 1937 and again amended by the act of 1941. This latter statute changed the requirements necessary for the legal establishment of stop signs. It was the obvious purpose of the statute to attain uniformity in the matters of posting and return, and after its enactment all state-erected signs (including the sign described in the complaint) were again "erected" to conform to the new requirements. It follows that the erection of the stop sign in 1936 (whether legally erected or otherwise) had no bearing on the legality of the situation in 1942. The complaint, in our opinion, should have alleged a violation of traffic regulations established in accordance with the provisions of Laws 1941, *c.* 42, *s.* 1 (R. L., *c.* 107, *s.* 8).

But the complaint is defective for another reason. The regulations in force at the time of the alleged offense required all "traffic" to stop at the sign and yield the right of way to "vehicles" traveling on the state highway. The word "traffic" as thus used cannot fairly

be said to include pedestrians. The complaint merely alleges that the defendant "did not come to a full stop" when approaching the intersection. This allegation is insufficient, for the defendant may have done all that the complaint accuses him of doing and yet not have committed an offense. The motion to arrest the judgment should have been granted. *State* v. *Hoit*, 23 N. H. 355, 359; *State* v. *Abbott*, 31 N. H. 434, 441; *State* v. *Barrett*, 42 N. H. 466, 470.

While this conclusion is based on technical requirements, it should be borne in mind that the allowance of the motion does not operate as a bar to subsequent proceedings but merely places the defendant in the position in which he stood before the present proceedings were initiated. 2 Wharton, Crim. Pro. (10th *ed.*), *s.* 1365; 15 Am. Jur. 102.

*Judgment arrested.*

All concurred.