Cheshire,
Nov. 6, 1951. } No. 4063.

State *v.* Richard Donovan.

*Gordon M. Tiffany,* Attorney General, *John N. Nassikas,* Assistant Attorney General, *Glen G. Davis,* Law Assistant and *Harry C. Lichman,* County Solicitor (*Mr. Nassikas* orally), for the State.

*Robert J. Doyle* (by brief and orally), for the respondent.

LAMPRON, J. The complaint now before us seems to be an attempt to charge the making of a lottery under R. L., c. 447. It is true that section 4 of said chapter provides that "a lottery may be described as a pretended lottery" and that "it shall not be necessary to allege or prove, upon trial, who is the owner of the property, nor who manages, conducts, or draws the lottery, or participates therein." However, it does not and cannot authorize the State to resort to a pleading less informative than that secured to the respondent by Article 15th of the Bill of Rights of the Constitution of New Hampshire.

Under our decisions to comply with the above article of our Constitution the indictment must inform the respondent of the nature and cause of the accusation with sufficient definiteness so that he can prepare for trial. *State* v. *Story,* 97 N. H. 141. Unlike the information filed December 27, 1950, charging a similar offense (pretended lottery), which in our opinion complies with this requisite, the complaint relating to conduct on July 31, 1950, fails to allege any particular act of the defendant which would constitute a violation of the statute and does not meet the requirements of our Constitution. *State* v. *Liptzer,* 90 N. H. 395, 396; *State* v. *Gilbert,* 89 N. H. 134, 136; *cf. State* v. *Martin,* (policy), 68 N. H. 463, 464; *State* v. *Eames* (a scheme called "Bank Night"), 87 N. H. 477. Consequently respondent's motion to quash should have been granted and his exception to its denial is sustained.

Respondent's motion to dismiss the two informations as constituting double jeopardy was properly denied however and his exception thereto is hereby overruled. We are assuming without deciding that the marking of dismissed on the complaint which respondent claims covered the same offense as that charged in the informations was equivalent to a verdict of not guilty rather than being a dismissal of the complaint because of defects therein for in that event the problem of double jeopardy would not arise. *State* v. *Sherburne,* 58 N. H. 535; *State* v. *Cook,* 96 N. H. 212, 213; 22 C. J. S. 383.

The question as to each information is, whether or not the respondent has already been acquitted of the same offense. The test generally used is whether the evidence necessary to sustain the information would have been sufficient to secure a legal conviction on the complaint. *State* v. *Sias,* 17 N. H. 558. *State* v. *Labato,* 7 N. J. 137; *United States* v. *Huggins,* 184 F. (2d) 866. "In other words, would the same evidence be necessary to secure a conviction in the case now before us as in the former prosecution." *Ford* v. *State,* 98 N. E. (2d) 655, 657.

One of the informations charges that the respondent on or about May 6, 1950, conducted a pretended lottery in that he accepted $10 from Attilio Romano as a wager on certain specified horse races. The complaint tried October 10, marked dismissed by the Court, charged that he conducted a pretended lottery on or about May 6, 1950, in that he accepted $3 from the same Romano as a wager on an unspecified horse race. If the respondent accepted on the same day from the same person different wagers on the result of different horse races, each wager accepted would constitute the conduct of a

separate lottery or pretended lottery and would be a separate and distinct offense. *Johnson* v. *Commonwealth*, 201 Ky. 314. In our opinion the conduct of the pretended lottery charged in the information is a different offense than that charged in the previous complaint and there is therefore no double jeopardy.

The other information charges the respondent with the offense of gambling, a violation of R. L., *c.* 447, *s.* 7. This cannot by any criterion be said to be the same offense as that charged in the previous complaint which was that the respondent did make and put up a pretended lottery, a violation of R. L., *c.* 447, *s.* 1. *State* v. *Sias,* 17 N. H. 558; *People* v. *Flaherty,* 396 Ill. 304, 309; *State* v. *Martin,* 154 Ohio St. 539; *Shirley* v. *State,* 51 So. (2d) 702, 703.

*Exceptions sustained in part and overruled in part.*

All concurred.