Jaffrey District Court,
No. 6070.

STATE *v.* LEWIS S. DUNTON.

February 26, 1971.

*Warren B. Rudman,* Attorney General and *W. Michael Dunn,* Assistant Attorney General, by brief, for the State.

*William D. Tribble,* for the defendant, filed no brief.

PER CURIAM. The defendant was charged in the Jaffrey District Court under RSA 262-A:29 for failure to yield the right of way. He moved to dismiss on the grounds of double jeopardy and the case was transferred under RSA 502-A:17-a by *Hampsey, Jr.,* District Judge.

It appears that prior to the present proceeding, which was initiated on May 17, 1968, a previous complaint had been brought on March 22 of the same year under RSA 262-A:50. In that instance, the defendant moved to dismiss upon the grounds that the complaint "did not state a crime." No evi-

dence was introduced; the court merely listened to defendant's and the prosecuting officer's arguments, and then granted the motion to dismiss on the specific ground urged by the defendant. It thus appears that the defendant was never in jeopardy because he could not be convicted on a complaint which failed to state an offense. *State* v. *Sherburne,* 58 N.H. 535 ( 1879 ); *State* v. *Moore,* 93 N.H. 169, 172, 37 A.2d 15, 17 ( 1944 ); 22 C.J.S. Criminal Law *s.* 246; *see State* v. *Donovan,* 97 N.H. 190, 192, 84 A.2d 405, 407 ( 1951 ).

In summary, the defendant was never before tried or placed in jeopardy because of the offense for which he now stands charged. His motion to dismiss upon the grounds of double jeopardy was properly denied. *State* v. *Cook,* 96 N.H. 212, 72 A.2d 778 ( 1950 ).

The order is

*Remanded.*